424 A.2d 864

COMMONWEALTH of Pennsylvania, Appellant,

v.

Frederick Weiler BLADY, a/k/a Frederick Weiler Brady, a/k/a Frederick William Brady, Appellee.

Supreme Court of Pennsylvania.

Argued Jan. 24, 1980.

Decided March 20, 1980.

Reargument Denied Feb. 18, 1981.

Stephen G. Bresset, Asst. Dist. Atty., for appellant.

Robert N. Bryan, Honesdale, John J. Duffy, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## ORDER

PER CURIAM.

The order of the suppression court entered May 24, 1979 is affirmed. *See Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977).

LARSEN, J., files a dissenting opinion in which FLAHERTY, J., joins.

LARSEN, Justice, dissenting.

Unlike the majority, I am not satisfied with the jurisprudential soundness of the *Davenport* approach; this approach is the quintessential illustration of mechanical jurispru-

dence.[1] While the rote application of the *Davenport* formula does achieve its desired result of ease of application and avoidance of troublesome complexities, a clock-watching ritual should not be substituted for scrutiny of the record, analysis of the evidence and flexible application of standards of review designed to accommodate conflicting interests. The goals of efficiency and ease of administration are laudable ones indeed, and I do not discount their importance. However, these goals should not be exalted at the expense of justice.

The folly of the purely mechanistic approach can be seen in the instant case. The pertinent facts are as follows. On October 5, 1978, an arson fire occurred at the Petto Allen Inn in Wayne County causing property damage only. One month later, on November 5, 1978, a second fire took place at the same location which was determined to be arson, and which totally destroyed the building and resulted in twelve deaths. After extensive investigation, Frederick Weiler Blady, a resident of the inn at the time of the fire, arose as a principal suspect.

On December 21, 1978, Blady voluntarily accompanied the State Police to a local resort and was interviewed by investigators. At 5:20 p. m. Blady confessed to the October 5, 1978 fire and was placed under arrest for the incident. Blady then agreed to be interviewed in regard to the November 5th arson-homicide at approximately 6:55 p. m. Less than two hours later, at 8:40 p. m., Blady admitted to responsibility for the second fire. Shortly after 11:30 p. m. the same evening, arraignment began. The appeal lies from an order by the Honorable James Rutherford granting suppression of all inculpatory statements made after 5:20 p. m. December 21, 1978.

Given the time of arrest—5:20 p. m.—and the time of arraignment—shortly after 11:30 p. m.—the period of delay

1. The mechanical formula which is embodied in *Davenport* is, "If A, then B; A, therefore B." Mathematically, this formula is a *modus ponens*; A represents a period of delay that is over six hours, and B represents the exclusion of incriminating evidence obtained during that period.

between arrest and arraignment was approximately six hours and ten minutes. For the sake of ten minutes, the majority affirms the suppression of a confession given only three hours after the arrest (at 8:40 p. m.). I dissent. This Court should throw away the stopwatch and pick up the scales of justice.

FLAHERTY, J., joins in this dissenting opinion.