444 A.2d 1257

**COMMONWEALTH of Pennsylvania**

v.

**James John IANCOVETTI, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1981.

Filed April 23, 1982.

Sallie Ann Radick, Pittsburgh, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before BECK, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Appellant was convicted of driving under influence of alcohol or controlled substance [1] by a jury and at the same proceeding, convicted of accidents involving damages to unattended vehicle or property [2] by the judge as fact finder. He was sentenced for the conviction on driving under the influence to pay a fine of five hundred dollars, one year probation and required to attend the Butler Alcohol Countermeasure Program. On the damages to the unattended vehicle or property conviction he was sentenced to pay a fine of twenty-five dollars and assessed four points.

Five issues are raised by Appellant, of which only the first need be addressed because of our determination to reverse the convictions and dismiss Appellant.

1. 75 Pa.C.S.A. § 3731. (third degree misdemeanor)

2. *Id.*, § 3745. (summary offense)

The initial determination is whether the lower court erred in failing to grant Appellant's motion for dismissal under Pa.R.Crim.P., Rule 1100 (Rule 1100).

A complaint was filed against Appellant on August 27, 1980, making the run date February 27, 1981. He purportedly made a general waiver of the 180 day rule on October 15, 1980, in order to be considered for the Accelerated Rehabilitative Disposition (A.R.D.) program.[3] The A.R.D. application was refused on December 8, 1980 and Appellant was arraigned on January 5, 1981, with trial set for March 17, 1981. On March 23, 1981, Appellant's Motion to Dismiss under Rule 1100 was refused and trial commenced. Appellant was found guilty of both counts on that same day. At no time did the Commonwealth seek an extension as per Rule 1100(c).

Appellant argues that because no extension was granted and because Appellant's purported waiver was invalid, he was not tried within the time prescribed by Rule 1100.

■ If the defendant is brought to trial more than 180 days after filing of a written complaint, the burden rests on the Commonwealth to prove that the time beyond the 180 day period was properly excluded from the run period by the timely filing of a petition to extend or by any other exclusionary provision of Rule 1100. *Commonwealth v. Goldwire*, 279 Pa.Super. 451, 421 A.2d 286 (1980).

■ The Commonwealth counters that (1) the waiver was valid, (2) trial could not have been scheduled for the January term because that time period was within the 30 day period designated for discovery and pre-trial motions and (3) Appellant was brought to trial as rapidly as was possible.

The waiver signed by Appellant stated:

WAIVER OF 180 DAY RULE UNDER RULE 1100

I understand that under Rule 1100 of the Pennsylvania Rules of Criminal Procedure I must be tried within 180 days of the date of my arrest.

3. Pa.R.Crim.P., Rules 175–185.

I understand that if I am considered or accepted into the Accelerated Rehabilitative Disposition Program (ARD) and if I violate the terms of by [sic] probation or if I am arrested again, I can be taken off the Accelerated Rehabilitative Disposition Program (ARD) and tried on these charges.

I understand that in the event I am not accepted into the Accelerated Rehabilitative Disposition Program (ARD), any delay cause [sic] by the application for ARD may make it impossible to try my case within the 180 day period, but that my case will be scheduled for trial as soon as possible.

I have read the above and agree to waive the 180 day Rule for commencement of trial.

SIGNED: James Iancovetti

DATE: October 15, 1980

WITNESS:

David C. Summerville

Appellant signed the said waiver without the presence of counsel and without the benefit of it being explained to him on the record in open court. This waiver is apparently based on Pa.R.Crim.P. 178, which states in relevant part:

Rule 178. Hearing, Explanation of Program

Hearing on a motion for accelerated rehabilitative disposition *shall be in open court* in the presence of the defendant, his attorney, the attorney for the Commonwealth, and any victims who attend. At such hearing, the defendant shall be asked *on the record* whether he understands that:

. . . . .

(3) he must agree that *if he is accepted into the program* he waives the appropriate statute of limitations and his right to a speedy trial under any applicable Federal or State constitutional provisions, statutes or rules of court during the period of enrollment in the program. [emphasis added.]

This Rule clearly states that waiver of the right to a speedy trial is required only if Appellant *is accepted* into the

program. No provision is provided for a general waiver of speedy trial rights for the mere application for acceptance into the A.R.D. program.[4]

The language of the waiver itself belies its interpretation as valid. The conjunctive language found in the second paragraph, when read as a whole, is confusing. The third paragraph contains language relating to the impossibility of trial commencing within 180 days. Such is not the case here. Appellant was refused acceptance into the A.R.D. program on December 8, 1980. Approximately eighty days were then remaining within the 180 day period. No valid reason for failure to commence trial within this remaining period has been offered.

■ As to the two alternate reasons advanced by the Commonwealth for failure to commence trial within the period following December 8, neither is valid. Since no discovery or pre-trial motion was in fact filed, the Commonwealth cannot argue that trial could not have commenced during this period. Also, the bare averment that trial was commenced as soon as it could be done is insufficient. *See Commonwealth v. Miller*, 270 Pa.Super. 178, 411 A.2d 238 (1979).

We do not perceive this waiver as a continuance, where some or all of the period between October 15 and December 8, 1980 could be excluded under Rule 1100(d)(1) or (2). The waiver was invalid in toto,[5] since the waiver form fails to conform to the clear provisions of Pa.R.Crim.P. 178 and is invalid as to its contents.

4. We are aware of the reference to such a situation in the amended Comments to Rule 1100, as amended, effective January 1, 1982. However, the Comment refers to a request by the Commonwealth attorney for such a waiver as opposed to the instant blanket waiver Appellant signed out of court. In any event, neither the amended Rule nor the amended Comment were effective at the time of the instant proceedings.

5. We are aware of the amendment to Rule 1100(d)(2), effective January 1, 1982 which states:
   (d) In determining the period for commencement of trial, there shall be excluded therefrom:

In view of the serious consequences which surround a general waiver of the right to a speedy trial, we find that the Commonwealth has failed to meet its burden of proof.

Instantly, Appellant was charged with a summary offense (75 Pa.C.S.A. § 3745) and a third degree misdemeanor (75 Pa.C.S.A. § 3731) in the same complaint. Rule 1100 applies, by its express language, only to *court* cases. *See* Rule 1100(a)(2). "Court case" is defined in Pa.R.Crim.P., Rule 3(f) as "a case in which one or more of the offenses charged is a misdemeanor, felony or murder of the first or second degree." In *Commonwealth v. Kujas,* 291 Pa.Super. 411, 435 A.2d 1293 (1981), we determined that summary offenses charged in the same complaint as a misdemeanor offense are part of a court case for the purposes of Rule 1100. Therefore, both the summary and misdemeanor convictions must be dismissed in the instant case.

Judgment of sentence dated June 4, 1981 is reversed and Appellant discharged as to both convictions.

(2) any period of time for which the defendant expressly waives Rule 1100;

This amendment however, although not effective as to the facts in the instant case, would not alter our determination concerning the *validity* of the waiver.