## Commonwealth v. Bielski

*Allen K. Neyhard, assistant district attorney,* for the Commonwealth.

*R. Michael Karr,* for defendant.

KREHEL, *P.J.*, November 21, 1984 — Before the court is defendant's motion to dismiss pursuant to Pa.R.Crim.P. 1100.

The record shows that the criminal complaint was filed on July 23, 1983. The preliminary hearing was scheduled for August 25, 1983, but was continued until September 1, 1983 at defendant's request. At the September 1, 1983 preliminary hearing, defendant was held for court on the charges of resisting arrest (18 Pa.C.S. §5104), obstructing the administration of law or other governmental function by force (18 Pa.C.S. §5101), and disorderly conduct (18 Pa.C.S. §5503).

On January 17, 1984, two days before the expiration of the 180-day period contained in Pa.R.Crim.P. 1100(a), defendant applied for acceptance into Accelerated Rehabilitative Disposition (A.R.D.). At that time, defendant filed an application for trial continuance until the next term of criminal court, which was in March. Subsequent to January 1984, the Commonwealth filed five separate petitions for extension of time to commence trial, and orders of court were issued extending the time to commence trial. The last order of court extending the time to commence trial was dated August 31, 1984 and extended the time for trial until "the next term of criminal court," which began September 17, 1984.

On October 12, 1984, defendant received written notification from the Office of the District Attorney of Northumberland County that his application for A.R.D. was denied and that his case was scheduled for trial on November 21, 1984. On November 7, 1984, defendant filed a motion to dismiss. In this motion, defendant raised the issues that (1) the Commonwealth did not timely file a petition for ex-

tension of time to commence trial and (2) that the Commonwealth had failed to exercise due diligence in bringing this case to trial within 180 days. Because of this court's disposition of the first issue, the second issue need not be addressed.

Rule 1100(c) provides, in pertinent part:

"(c)(1) At any time prior to the expiration of the period for the commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial." Pa.R.Crim.P. 1100(c)(1).

It is clear that a petition for extension of time to commence trial must be filed prior to expiration of the mandatory period computed from the filing of the complaint to the date the Commonwealth files its petition, less any time properly excluded under Pa.R.Crim.P. 1100(d). Commonwealth v. Shelton, 469 Pa. 8, 364 A.2d 694 (1976); Commonwealth v. Delauter, 257 Pa. Super. 510, 390 A.2d 1354 (1978); Commonwealth v. Morgan, 484 Pa. 117, 398 A.2d 972 (1979); Commonwealth v. Mines, 282 Pa. Super. 157, 422 A.2d 876 (1980); Commonwealth v. Schlegel, Northumberland County, Criminal Division, no. CR-83-852, October 25, 1984; Commonwealth v. Walls, Northumberland County, Criminal Division, no. CR-83-555, November 16, 1984.

Rule 1100(d) provides, "In determining the period for commencement of trial, there shall be excluded therefrom: . . . (2) Any period of time for which that defendant expressly waives Rule 1100." Pa.R.Crim.P. 1100(d)(2).

The Commonwealth has the burden of establishing the validity of any waiver. Commonwealth v. Myrick, 468 Pa. 155, 360 A.2d 598 (1976). The Commonwealth has met its burden of establishing a valid waiver for the period from August 25, 1983 to

September 1, 1983, when defendant continued the preliminary hearing. However, the validity and extent of the A.R.D. waiver is questionable. Commonwealth v. Iancovetti, 298 Pa. Super. 441, 444 A.2d 1257 (1982); Commonwealth v. Coleman, 477 Pa. 400, 383 A.2d 1268 (1978).

We need not address that issue, for even if this court would find that the time spent in consideration of the A.R.D. application is properly excludable, such exclusion would only be for the period of January 17, 1984 to October 12, 1984. When defendant was denied acceptance to A.R.D., the 180-day clock began to run again, and the Rule 1100 period expired October 21, 1984.

While the comment to Rule 1100 provides that the Commonwealth may request that defendant waive Rule 1100 in an A.R.D. case, the waiver is only for "the period of time spent in processing and considering" the A.R.D. request. Comment to Pa.R.Crim.P. 1100. Further, in Commonwealth v. Iancovetti, supra, the court indicated that after the A.R.D. application was rejected, the Commonwealth still had the burden of bringing the case to trial within the 180-day period.

Since the Commonwealth failed to file a petition for extension before October 21, 1984, the Commonwealth cannot even raise the issue of due diligence. Commonwealth v. Yant, 314 Pa. Super. 442, 461 A.2d 239 (1983); Commonwealth v. Hill, 313 Pa. Super. 40, 459 A.2d 399 (1983).

This is also not a case of an implied waiver from the conduct of defendant or defense counsel. In a letter dated October 17, 1984, from defense counsel to the district attorney's office, defense counsel advised the district attorney that he considered any waivers pertaining to defendant's A.R.D. application to be no longer valid, since defendant's A.R.D. appli-

cation was rejected. Defense counsel also noted that he considered all Rule 1100 questions to be still at issue. Cf. Commonwealth v. Brown, 497 Pa. 7, 438 A.2d 592 (1981).

Defendant has not been afforded his right to a speedy trial. The Commonwealth has failed to follow the direction of Pa.R.Crim.P. 1100. As the Honorable Samuel C. Ranck stated in Commonwealth v. Schlegel, supra, and as this judge stated in Commonwealth v. Walls, supra, "The 180-day rule is clearly defined, and when proper procedures are not followed, this court has no choice but to follow the laws of this Commonwealth." Commonwealth v. Schlegel, supra, at 3.

With great disappointment, we dismiss the charges against defendant.

## ORDER

And now, this November 21, 1984, after hearing and careful consideration of defendant's motion to dismiss, it is determined that the Commonwealth failed to file a petition for extension of time to commence trial within the limits imposed by Rule 1100 of the Pennsylvania Rules of Criminal Procedure. Therefore, it is ordered, that said motion to dismiss be granted, and the charges in the above-captioned case be dismissed.