490 A.2d 1

**COMMONWEALTH of Pennsylvania**

**v.**

**Timothy KNUPP, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1984.

Filed Feb. 15, 1985.

Reargument Denied April 19, 1985.

306

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

Appellant, Timothy Knupp, takes this appeal from his conviction on two charges of retail theft. In this appeal, appellant raises three issues: (1) whether appellant was denied his rights under Pa.R.Crim.P. 1100, (2) whether appellant was denied effective assistance of counsel in

asserting his rights under Rule 1100, and (3) whether the lower court erred in permitting appellant's prior, uncounseled retail theft offenses to be considered for purposes of sentence enhancement. Because we find the Commonwealth's petition to extend to be untimely, we find appellant's first issue to have merit and we reverse and order appellant discharged. In view of our disposition of this issue, we need not address the two remaining issues.

The basis for the present appeal is appellant's arrest under two separate informations. The first of those informations, number 359 of 1980, charged appellant with stealing a woman's warm-up suit valued at $26.88 on December 24, 1979. The second information, number 659 of 1980, charged appellant with stealing two packages of batteries, valued at $3.06, on January 14, 1980. These informations were consolidated for trial.

On April 7, 1980, appellant applied for the Accelerated Rehabilitative Disposition (ARD) Program for both charges. In conjunction with this application, appellant, without benefit of counsel, signed a waiver of his rights under Pa.R. Crim.P. 1100. In a subsequent hearing, appellant testified that a secretary at the district attorney's office told appellant that he would receive a response regarding his ARD application "before summer was up." However, it was not until October 27, 1980, that appellant was informed by letter that he had not been accepted into the ARD program. The letter further stated that appellant's case would be scheduled for the November, 1980 trial term. Appellant, however, did not appear for trial and a bench warrant was issued on November 18, 1980. The bench warrant was lifted on December 15, 1980, after appellant called the D.A.'s office and informed them that he did not receive actual notice of the hearing because he was away attending college and his father, to whose house the notice was sent, did not relay the notice. Twenty-seven days elapsed between the issuance of the warrant and the lifting of it.

Trial was rescheduled for the January term of court. However, on January 16, 1981, counsel for appellant made a

motion to strike the case from the trial list on the grounds that appellant had never been arraigned. Three days later, on January 19, 1981, the trial court dismissed appellant's motion as moot since the January term of criminal court had ended.

Thereafter, on January 30, 1981, the Commonwealth filed the herewithin petition for an extension of time. Joint hearings were held on the Commonwealth's petition in this case and several other, unrelated cases involving other defendants. At this hearing, evidence was introduced regarding the lack of judges to hear criminal cases in the January, 1981 term of court, which ran from January 12 through January 16.

Following the completion of hearing on the Commonwealth's petition to extend, the court, on March 9, 1981, granted the Commonwealth's petition. The duration of the extension is not specified by the court and the docket says only, "[t]he Commonwealth's Petitions for Extension of Time are granted." Appellant was ultimately tried on August 25, 1981 and, after a non-jury trial, was found guilty on both charges of retail theft.

Appellant now argues that the waiver of his Rule 1100 rights, which he executed in conjunction with his application for ARD, was not a voluntary and intelligent waiver because these rights were not explained to him at that time. Appellant testified that when he and his father went to the district attorney's office to inquire about appellant's applying for ARD, one of the secretaries there gave him an application and told him to fill it out.[1] Appellant, who did not then have counsel, later testified that no one at the district attorney's office explained Rule 1100 to him. Appellant further testified that he asked the secretary how long it would be before he heard anything regarding his application, and he was told that he should be hearing something "before summer was up." In fact, appellant was

---

**1.** Although appellant was accompanied by his father, appellant was not a minor at that time and so this fact is not dispositive of the waiver issue.

not notified of his rejection for ARD until October 27, 1980, or 203 days after he made the application.

The Commonwealth did not contest appellant's testimony on this point. Instead, the District Attorney testified that in 1980 his office "stopped the processing of all ARD's until a question was settled regarding the legality of certain fines that were being levied by the local courts against ARD defendants." The District Attorney added that "several hundred ARD's were held up for a substantial period of time until that legal question was resolved." As pertaining to appellant's application, the District Attorney stated that he "[couldn't] say the delay in this case is anything other than that."

 Where an accused is brought to trial more than 180 days after the filing of a written complaint, the burden rests on the Commonwealth to prove that the time beyond the 180 day period was properly excluded from the run period by the timely filing of a petition to extend or by other exclusionary provisions of Rule 1100. *Commonwealth v. Iancovetti*, 298 Pa.Super. 441, 444 A.2d 1257 (1982). Additionally, it is well established that, while there are no formal requirements for a valid waiver of Rule 1100 rights, there must be an indication on the record that the waiver was the informed and voluntary decision of an accused. *Commonwealth v. Carey*, 313 Pa.Super. 20, 459 A.2d 389 (1983).

The waiver now at issue was set forth at the bottom of appellant's application form for ARD. This paragraph reads:

"I have been advised that I have a right to have my case tried within 180 days from the date of the Criminal Complaint, under Rule 1100 of the Pennsylvania Rules of Criminal Procedure. I hereby agree to waive this right from the date of this application until I complete the program. If this application is rejected, I agree to waive my 180 day trial rights from the date of this application until the completion of the term of Court next following the date of my notice of rejection. I also understand that

I have a right to be represented by an attorney. I fully understand the charges against me and hereby formally waive my additional arraignment."

A comparable case is *Commonwealth v. Iancovetti, supra.* In that case, a complaint was filed against the accused on August 27, 1980, making the run date February 27, 1981. On October 15, 1980, the accused purportedly made a general waiver of his Rule 1100 rights in order to be considered for the ARD program.

The waiver signed by the defendant in *Iancovetti* read as follows:

### WAIVER OF 180 DAY RULE UNDER RULE 1100

I understand that under Rule 1100 of the Pennsylvania Rules of Criminal Procedure I must be tried within 180 days of the date of my arrest.

I understand that if I am considered or accepted into the Accelerated Rehabilitative Disposition Program (ARD) and if I violate the terms of by [sic] probation or if I am arrested again, I can be taken off the Accelerated Rehabilitative Disposition Program (ARD) and tried on these charges.

I understand that in the event I am not accepted into the Accelerated Rehabilitative Disposition Program (ARD), any delay cause [sic] by the application for ARD may make it impossible to try my case within the 180 day period, but that my case will be scheduled for trial as soon as possible.

I have read the above and agree to waive the 180 day Rule for commencement of trial.

On December 8, 1980, Iancovetti's ARD application was denied. Subsequently, on March 23, 1981, his motion to dismiss under Rule 1100 was refused and trial commenced. Following his conviction, Iancovetti appealed. In our opinion, we interpreted Pa.R.Crim.P. 178 thusly:

This Rule clearly states that waiver of the right to speedy trial is required only if Appellant *is accepted* into

the program. No provision is provided for a general waiver of speedy trial rights for the mere application for acceptance into the ARD program.

298 Pa.Super. at 445–446, 444 A.2d 1257, (footnote omitted) (emphasis in original).

In *Iancovetti*, we rejected the Commonwealth's contention that this waiver should operate as a continuance, where some or all of the period of time elapsed during the consideration of the defendant's ARD application could be excluded under Rule 1100(d)(1) or (2). In sum, we found the waiver to be invalid in toto.

██ Returning now to the facts of the case at bar, we find the instant appeal to be analagous to the *Iancovetti* case. Herein, appellant's purported waiver was executed in the same year as was the one at issue in *Iancovetti*, i.e. 1980. Therefore, for the reasons we listed in that opinion, we find appellant's waiver not in keeping with the then effective rules of court governing ARD applications.

██ Additionally, we find that the evidence fails to support the Commonwealth's claim that appellant's waiver was knowing and intelligent. Appellant did not have counsel when he signed the waiver nor did an attorney from the D.A.'s office speak to appellant regarding the waiver. As for the terms of the waiver itself, we note that nowhere does the waiver advise appellant that the charges against him can be dismissed if trial does not commence within the time period allowed under Rule 1100. *Cf. Commonwealth v. Martin*, 300 Pa.Super. 497, 446 A.2d 965 (1982). For all of the foregoing reasons we do not find that any of the time elapsed during the pendency of appellant's ARD application can be excluded.

██ While it is true that the Commonwealth filed a petition for extension, it is required that such a petition must be filed prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting an extension. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). Even if we exclude the time elapsed while

the warrant for appellant's arrest was outstanding and while appellant made a motion to have his case stricken from the trial list, it is apparent that the Commonwealth's petitions to extend were not timely, inasmuch as they were filed 312 days and 277 days respectively after the filing of the two complaints against appellant.

■ The case of *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983), cited in the dissent would not appear to require a different result. In *Crowley*, judicial delay was the sole source of delay. On this point, the supreme court wrote: "While the trial court may be required to rearrange its docket, if possible, when judicial delay has caused a lengthy postponement beyond the period prescribed by Rule 1100, or one that implicates the constitutional right to a speedy trial, it should not be required to do so to avoid a delay of under 30 days as here." *Id.*, 502 Pa. at 403, 466 A.2d at 1014 (footnote omitted). By contrast, in the instant case, judicial delay accounted for, at most, three days delay. The principal source of delay was the fact that the district attorney's office *ceased processing* for "a substantial period of time." all ARD applications, even those which were to be rejected. On this set of facts, it would appear that *Iancovetti* bears more directly than *Crowley*.

Therefore, as we did in *Iancovetti*, we find that the Commonwealth has failed to meet its burden of proof.

Judgment of sentence dated July 23, 1982 is reversed and appellant discharged as to both convictions.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting:

I disagree with the majority in its determination that this conviction must be vacated for failure to comply with *Commonwealth v. Iancovetti*, 298 Pa.Super. 441, 444 A.2d 1257 (1982). Admittedly, the facts are comparable but since *Iancovetti*, there has been further review by our Supreme Court of our function in passing on Rule 1100 cases, and pursuant to *Commonwealth v. Crowley*, 502 Pa. 393, 466

A.2d 1009 (1983), I believe the Commonwealth and the lower court are correct in advocating no violation thereof.

*Crowley* holds:

Rule 1100 was designed to promote the administration of criminal justice within the context of our entire judicial system, not to render that system hostage to its own closed logic. The goals of efficiency and ease of administration which Rule 1100 serves are worthy; they should not be exalted at the expense of justice. Thus, in interpreting our Rule 1100, we must throw away the stopwatch and pick up the scales of justice. *See, e.g., Commonwealth v. Blady,* 492 Pa. 285, 424 A.2d 864 (1980) (dissenting opinion, Larsen, J., in which Flaherty, J. joined).

*Id.,* 502 Pa. at 402–403, 466 A.2d at 1014.

Permitting a defendant to be considered for Accelerated Rehabilitative Disposition (ARD) carries with it a considerable benefit, and indeed had he been accepted to the program, defendant would likely have obtained a clear record. In return, it is only reasonable to require him to waive the benefits of Rule 1100 to permit the administrative proceedings to be worked out pending a determination of defendant's acceptability to the program. A longer than usual delay was occasioned by the necessity of the district attorney to have resolved an issue as to whether the court could impose fines in ARD cases. Rule 178 (ARD) requires an in-court proceeding on the motions for acceptance into ARD (in a counseled proceeding) but there is no similar requirement for administrative review by the district attorney concerning defendant's amenability to the program. Thus I would find that the waiver, although uncounseled, was adequate for the purpose of being considered for ARD, as appellant received a substantial benefit which he sought, which was unavailable without the waiver. This is entirely different from the waiver requested prior to trial, usually for the Commonwealth or court's benefit, in which the consequences to the defendant are mostly negative. It must be presumed that a student who was in post-high

school training, was sufficiently astute to understand the printed statement, advising of the need to waive the speedy trial rule, and his signature, at the end thereof, is sufficient to evidence that he read it.

The move toward a more even-handed approach to Rule 1100 problems, led to the change in the rule 1100(d)(2) to permit exclusion of any period of time for which the defendant expressly waived Rule 1100. The comments to the rule provided that:

> In addition to waiving Rule 1100 for the period of enrollment in the ARD program (see Rule 178, paragraph (3)), the attorney for the Commonwealth may request that the defendant waive Rule 1100 for the period of time spent in processing and considering the defendant's inclusion with the ARD program.

Thus I perceive no harm or prejudice to the defendant under the *Crowley* doctrine in the uncounseled waiver or the noninclusion of the time elapsing (July-October) until the decision not to accept him was rendered.

Thereafter, defendant, out of town in school, failed to respond to notice of the hearing, which was sent to his last known address, but not forwarded to him by his parents. This time, at least from that of nonappearance until the defendant was located (by issuance of process), can be considered a further waiver of time due to defendant's unavailability.

Finally, since the district attorney had no control over the court calendar, and delays were occasioned by illness of two trial judges and failure of the senate to confirm a third in time for the proposed term (thus three out of six not being available) the Commonwealth is not chargeable with the delay.

*Crowley* further instructs:

> We adopted Rule 1100 pursuant to our supervisory powers to reduce the backlog of criminal cases in Common Pleas and to provide an objective standard for protection of defendant's speedy trial rights. *Commonwealth v.*

*Mayfield,* 469 Pa. at 217, 364 A.2d at 1347; *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972).

Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Commonwealth v. Brocklehurst,* 491 Pa. 151 [153–54], 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson,* 487 Pa. 197 n. 4, 409 A.2d 308 n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth. (Footnote omitted)

*Id.,* 502 Pa. at 399, 466 A.2d at 1012.

As to delay by the court, relying on *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976) (unavoidable judicial delay as a basis for grant of extension of time) *Crowley* repeated:

In *Mayfield* this Court did recognize that an inflexible approach to Rule 1100 is inappropriate. In that case, Superior Court had held that delays attributable to court administration could never justify an extension under Rule 1100(c). *At that time, Rule 1100(c) did not, as it does today, provide expressly for the exclusion of judicial delays. This court, nevertheless, reversed Superior Court, holding that we never intended such an inflexible result under Rule 1100.* The *Mayfield* decision and the accompanying 1981 amendment, effective January 1, 1982, to Rule 1100 permit extensions provided the record shows:

"(1) the due diligence of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant

within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided."

469 Pa. at 222, 364 A.2d at 1349–50. That requirement must be given a realistic construction. A rigid requirement that the Courts of Common Pleas, particularly in urban areas with severely crowded criminal and civil dockets, must continually arrange and rearrange their schedules to accommodate the 180 day rule, would be ill-advised. (Emphasis added)

*Id.* 502 Pa. at 400–401, 466 A.2d at 1013.

Whether before or after the January 1, 1982 amendment to Rule 1100 (supra) the *Mayfield* and *Crowley* rationale would permit an extension of time under the circumstances of this case. Thus the final and usually ultimate claim of ineffectiveness of counsel is unwarranted as on the record there is a proper waiver, and despite refusal to object to failure of the court to set an original trial date or move to dismiss on that basis, the Commonwealth's petition, granted by the court, included a date certain within which trial was commenced. Pursuant to *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984) and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) failure to show prejudice results in a dismissal of the alleged ineffectiveness of counsel claim.

Returning for a final time to *Crowley*,

Ironically, prophylactic application of Rule 1100 coupled with our standard for determining ineffective assistance render criminal counsels' ineffectiveness ultimately effective because failure to object to arguably improper extensions increases the likelihood of an erroneous grant of a continuance leading to the ultimate discharge for a Rule 1100 violation. Indeed, in this case, trial counsel's carelessness insured a favorable result. That insurance would have been cancelled had he properly objected to the Commonwealth's petition for an extension of time and

given the trial court an opportunity to consider the question in an adversary posture.

Such a rule tempts the result-oriented practitioner to "deliberate" inadvertence or at least benign neglect. Trial and appellate court judges have long suspected the possibility of "build in" ineffective assistance by clever trial counsel. *See, e.g., Commonwealth v. Boykin* [501] Pa. [250], 460 A.2d 1101 (1983) (Larsen, J. dissenting opinion). *See also Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981). Our standard of ineffectiveness is ill-designed to recognize such perversions of an adversary system which was intended to vigorously safeguard the rights of criminal defendants.

Defense counsel's failure to object to an extension of time did not result in a denial of a fair trial nor is it fundamentally unfair to deny appellant the prophylactic effect of Rule 1100. When defense counsel fails to object to a Commonwealth petition for an extension of time, we will not discharge the defendant unless he has been deprived of his underlying right to a speedy trial under either the Sixth Amendment to the United States Constitution or Article 1, Section 9 of the Pennsylvania Constitution. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Such a failure to assert a basic constitutional right is likely to also involve an additional Sixth Amendment denial of the basic right to effective counsel. The present failure to assert a prophylactic rule when noncompliance with it could have arguably been remedied does not.

*Id.* 502 Pa. at 404–405, 466 A.2d at 1015.

Thus the failure to object, as analyzed above, provides a meritless claim of ineffectiveness of counsel.

Defendant also alleges that the plea of guilty to summary retail offenses, on which the present charge is enhanced, was uncounseled and therefore invalid. This allegation is without merit as they were summary offenses.

I would affirm the trial judge.