**Commonwealth v. Atkison**

*Charles J. Morris, district attorney*, for the Commonwealth.

*John W. Hardisty*, for defendant.

GRIMES, *P.J.*, August 8, 1986—A criminal complaint was filed against defendant on September 19, 1985 charging him with burglary and theft by unlawful taking and disposition in violation of sections 3502 and 3921(a) of the Pennsylvania Crimes Code. Defendant was arrested on September 25, 1985, and was bound over to court by the district magistrate. On November 12, 1985, defendant and his attorney, John W. Hardisty, executed a motion for placement upon the Accelerated Rehabilitative Disposition program which was approved by the Commonwealth on December 2, 1985. Thereafter, the clerk of courts placed the matter on the ARD list scheduled for March 27, 1986, at which time the trial court refused admittance to the program due to the severity of the charge of burglary.

The case was thereafter placed upon the next criminal trial list which commenced on May 27, 1986. On May 16, 1986, defendant filed a motion to dismiss for violation of Rule 1100 of the Pennsylvania Rules of Criminal Procedure for failure for the Commonwealth to bring defendant to trial within 180 days of his complaint and/or arrest.

A hearing on the motion was held on June 9, 1986 and defendant filed his legal brief on or about June 13, 1986.

## DISCUSSION

### ISSUE

Whether the execution of a motion for admittance to the Accelerated Rehabilitative Disposition program by defendant with its waiver of defendant's rights under Rule 1100 may be used as excludable time from the date of signing until the trial court refuses such motion.

Rule 1100 of the Pennsylvania Rules of Criminal Procedure is a method used in this Commonwealth to insure that a defendant's constitutional right to a speedy trial in a criminal case is well defined. The rule does not require that the case be brought to trial within 180 days, but that any period of time in excess thereof must either be specifically excluded under Rule 1100 or by an order of court granting the Commonwealth an extension of time for cause shown. Commonwealth v. Carter, 329 Pa. Super. 490, 478 A.2d 1286 (1984). There are three instances in section (d) of Rule 1100 which are automatically excluded when calculating the time between the filing of the complaint and beginning of trial. They are enumerated as follows:

"(1) The period of time between the filing of the complaint and defendant's arrest;

"(2) Any period of time in which defendant expressly waives Rule 1100;

"(3) Any period of delay that results from either the unavailability of defendant or his attorney, or a continuance granted at the request of the defendant or his attorney."

In the present case, the court must determine whether or not defendant expressly waived Rule 1100 since subparagraphs (1) and (3) under subsection (d) are not at issue. Pa.R.Crim.P. 178(3) provides that as a prerequisite for admittance into the ARD program, defendant must agree that if he is accepted into the program he waives the appropriate statute of limitations and his right to a speedy trial under any applicable federal or state constitutional provision, statute or rule of court during the period of enrollment. The Superior Court of Pennsylvania has clarified this rule as follows:

"This rule clearly states that waiver of the right to a speedy trial is required only if the appellant is accepted into the program. No provision is provided for a general waiver of speedy trial rights for the mere application for acceptance into the ARD program. Commonwealth v. Iancovetti, 298 Pa. Super. 441, 444 A.2d 1257 (1982).

As in Iancovetti, supra, defendant in the present case was denied acceptance into the ARD program. Although he signed the ARD motion purporting to waive Rule 1100, prevalent case law provides that the waiver is only effective if defendant is accepted into the program. Commonwealth v. Knupp, 340 Pa. Super. 304, 490 A.2d 1 (1985). Such an interpretation is consistent with the amended comments to Rule 1100, effective January 1, 1982, which reads as follows:

"In addition to waiving Rule 1100 for the period of enrollment in the ARD program (see Rule 178, pp (3)), the attorney for the Commonwealth may request that a defendant waive Rule 1100 for the period of time spent in processing and considering the defendant's inclusion into the ARD program."

This is obviously a permissive grant which authorizes the Commonwealth to request a waiver of

Rule 1100 pending consideration of admission into the program. More significantly the comment reveals by negative implication that absent a specific request by the Commonwealth, defendant does not waive Rule 1100 pending consideration. In the instant case, there was no such request made by the Commonwealth, nor was a request for extension of Rule 1100 made.

It is incumbent upon the Commonwealth to prove that any time beyond the 180-day period was properly excluded by either the automatic exclusions as set forth in Rule 1100 or by the timely filing of a petition to extend the time for cause shown. Iancovetti, supra. Absent the foregoing, the charges must be dismissed.

## CONCLUSION

It is well defined law in Pennsylvania that the waivers contained in the motion for admittance to the Accelerated Rehabilitative Disposition program does not serve as an effective waiver of Rule 1100 for the period of time necessary for processing the application and consideration thereof.

## ORDER

And now, this August 8, 1986, the charges against defendant at the above number and term are hereby dismissed for failure to prosecute in compliance with the provisions of Pa.R.Crim.P. 1100.