518 A.2d 252

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Timothy KNUPP, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1986.

Decided Nov. 24, 1986.

Michael J. Veshecco, Dist. Atty., Michael R. Cauley, 1st Asst. Dist. Atty., Erie, for appellant.

Carmela R.M. Presogna, Asst. Public Defender, Erie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue presented in this case is whether a Rule 1100 waiver form, executed by a defendant (Knupp-appellee) which waived his right to be tried within 180 days under Pennsylvania Rule of Criminal Procedure 1100 [1] (Rule 1100) was a knowing, voluntary and intelligent waiver where the statement was executed without the advice of counsel and where it failed to inform appellee that the charges against him could be dismissed if trial did not begin within 180 days from the date of the written complaint.

On December 27, 1979 and February 4, 1980, two criminal complaints were issued, each charging appellee with retail theft. These charges constituted felonies of the third degree as they would be, if proven, appellee's third and fourth offense, respectively, for retail theft.[2] The 180 day "run dates" for these offenses, pursuant to Rule 1100, were June 24 and August 2, 1980.

[1.] "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Rule 1100(a)(2), Pa.R.Crim.P.

[2.] Retail theft is graded as a felony of the third degree, regardless of the value of the merchandise, when the offense is a third or subsequent offense. 18 Pa.C.S.A. § 3929(b)(1)(iv).

On April 7, 1980, appellee, a third semester college student, went to the District Attorney's Office in Erie County, and received an application, from a secretary in the office, for the Accelerated Rehabilitative Disposition program (A.R.D.).[3] Appellee, who was accompanied by his father, then completed the application (encompassing both charges filed against him), while in the lobby of the District Attorney's office.

At the end of the form, prior to the signature line, was the following statement:

> I have been advised that I have a right to have my case tried within 180 days from the date of the Criminal Complaint, under Rule 1100 of the Pennsylvania Rules of Criminal Procedure. I hereby agree to waive this right from the date of this application until I complete the program. If this application is rejected, I agree to waive my 180–day trial right from the date of this application until the completion of the term of court next following the date of my notice of rejection. I also understand that I have a right to be represented by an attorney. I fully understand the charges against me and hereby formally waive any additional arraignment.

Appellee signed the application without seeking assistance from anyone in the District Attorney's Office or from any attorney. He then immediately returned the application to the secretary and asked her when he would know anything about the application. Appellee alleges the secretary told him he would know "before the end of summer." Appellee returned to college in the Fall of 1980, without receiving any notification as to the status or disposition of his A.R.D. application. Appellee made no inquiries or attempts to determine the status of his A.R.D. application prior to returning to college.

---

**3.** The A.R.D. program provides a probationary period for those accepted into the program which, upon successful completion of the program, results in dismissal of the charges. Rules 175–185, Pa.R. Crim.P.

By letter dated October 27, 1980, appellee was notified that his A.R.D. application had been rejected. The letter informed appellee that because the outstanding charges constituted his third and fourth offenses and were therefore felonies, he did not qualify for A.R.D. The letter further informed appellee that his trial would be scheduled for the November trial term, which was the next term of court.[4]

Appellee failed to appear for his November 18, 1980 trial and on that day a bench warrant was issued. A motion to lift the bench warrant was filed by appellee's counsel alleging lack of notice and on December 15, 1980, the bench warrant was lifted. Trial was then rescheduled for the January, 1981 term of court.

A plea to the charges was scheduled for January 14, 1981. Appellee's counsel, on that day, had become aware for the first time that the charges were felonies and decided that appellee should not participate in the plea arrangement.

On January 16, 1981, appellee's counsel filed a motion to strike appellee's case from the trial list and requested that appellee be formally arraigned. Hearing on this motion was held after the January trial term; and thus the motion to strike the case from the trial list was deemed moot. However, appellee's request to be arraigned was granted.

On February 2, 1981, the Commonwealth filed a petition for extension of time under Rule 1100, requesting that time be extended to March 31, 1981, so that appellee's trial could be held during the March term of court. The Commonwealth's petition alleged that appellee had waived his Rule 1100 right from the time he filed the A.R.D. application (April 7, 1980) until the A.R.D. application was refused (October 27, 1980); that trial was scheduled for the next term of court in November; that appellee was unavailable from the time the bench warrant was issued (November 18, 1980) until it was lifted upon motion of appellee's counsel

4. On his A.R.D. application, appellee had requested that all correspondence be sent to his father's address. The record indicates that appellee was unaware that his A.R.D. application had been rejected until he spoke with his father at Thanksgiving.

(December 15, 1980); and that the failure to hold appellee's rescheduled trial during the January term of court was due to a combination of several factors. These factors included the failed plea arrangement, defense counsel's motion to strike the case from the January trial list and to have appellee formally arraigned and the shortage of judges available for trial in Erie County due to the illness of two judges and a vacancy on the bench. Hearings were held on February 9, 12 and 13, 1981 on the petition for extension of time. At these hearings, appellee testified that he was a college student; that he had read and signed the statement; and that, although he did not understand the statement he signed waiving his Rule 1100 right, he had sought assistance from no one while completing the A.R.D. application, including his father, who had accompanied him to the District Attorney's office.

A trial court, by opinion and order dated March 9, 1981, granted the petition for extension of time. The lower court found that there was a lack of judicial resources in Erie County during the January, 1981 term of court. Additionally, the court found, "[A]s to the other issues, the facts are not in dispute and I agree with the Commonwealth as to the time to be excluded."

Appellee, on March 3, 1981, with the advice of counsel, waived his right to a jury trial and his Rule 1100 right until "such time as trial testimony begins before the Judge assigned to hear the evidence in my (appellee's) non-jury trial." [5] On August 25, 1981, after trial before the Honorable William Pfadt, appellee was convicted of retail theft. Post-trial motions were filed and by order dated July 23, 1982, were denied. On August 2, 1982, appellee was sentenced to two (2) years probation on each offense, to run consecutively.

**5.** On this same day appellee's counsel filed an omnibus pre-trial motion, seeking dismissal of the charges against appellee for, among other reasons, violation of appellee's Rule 1100 right. A Rule To Show Cause was issued on the District Attorney, returnable "immediately prior to trial."

Appellee appealed his judgment of sentence to the Superior Court which reversed appellee's conviction and discharged appellee, holding that appellee's Rule 1100 right had been violated, and thus, the Commonwealth's petition for extension of time was untimely.[6] *Commonwealth v. Knupp*, 340 Pa.Super. 304, 490 A.2d 1 (1985). We granted the Commonwealth's petition for allowance of appeal and now reverse.

█ Rule 1100 requires that a defendant receive a prompt trial, which is ordinarily to begin within 180 days from the filing of the criminal complaint. A defendant may waive his Rule 1100 right.[7] *Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980). There are no formal requirements for a Rule 1100 waiver, *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981); however, the burden is on the Commonwealth to establish the validity of the waiver. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Cobbs*, 452 Pa. 397, 305 A.2d 25 (1973). The standard governing whether a Rule 1100 waiver is valid was set out in *Myrick, supra:*

> So long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity.... In any waiver situation, the defendant may still attempt to prove that the waiver is invalid by showing that it was unknowing, unintelligent or involuntary.

6. Appellee raised three (3) issues on appeal to the Superior Court. The issues were "... (1) whether appellant [Knupp] was denied his rights under Pa.R.Crim.P. 1100, (2) whether appellant [Knupp] was denied effective assistance of counsel in asserting his rights under Rule 1100, and (3) whether the lower court erred in permitting appellant's [Knupp's] prior, uncounseled retail theft offenses to be considered for purposes of sentence enhancement." 340 Pa.Super. at 306–307, 490 A.2d at 2. In finding a violation of Rule 1100, the first issue raised by appellee, the Superior Court did not reach appellee's remaining issues.

7. Rule 1100 now specifically provides that "any period of time for which the defendant expressly waives Rule 1100" be excluded from the period of time in computing when trial should commence. Rule 1100(d)(2), Pa.R.Crim.P., as amended October 22, 1981, effective January 1, 1982.

468 Pa. at 160–161, 360 A.2d at 600. *Myrick,* further stated that "either the colloquy *or the signed statement would by themselves be sufficient record indication that the waiver was, prima facie, informed and voluntary."* 468 Pa. at 161, 360 A.2d at 601 (emphasis supplied).

The standard of review of a lower court's ruling on the Commonwealth's petition for an extension of time under Rule 1100 was set forth in *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979). The appellate court considers "only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted." *Id.,* 485 Pa. at 194, 401 A.2d at 360. In the instant case, the lower court's opinion and order granting the Commonwealth's petition for extension of time simultaneously granted extensions of time to the Commonwealth in four other cases. The rationale for granting the extensions of time in all five cases was the lack of judicial resources in Erie County. Additionally, the lower court stated, "[A]s to the other issues, the facts are not in dispute and I agree with the Commonwealth as to the time to be excluded." That opinion was written concerning the five cases and this court is privy only to the arguments advanced in the Commonwealth's petition for extension of time in appellee's case. We do not know what "other issues", the facts as to which are not "in dispute" were considered by the lower court in granting the petitions for extension of time. Therefore, this Court has no findings of fact upon which to conduct a meaningful review of the validity of appellee's waiver.[8]

Appellee, however, argues, as a matter of law, that his waiver of his Rule 1100 right was not a knowing, voluntary and intelligent waiver because he signed the waiver form without the benefit of counsel and the waiver form did not advise him that the charges against him could be dismissed

---

**8.** We reject the Commonwealth's argument that implicit in the granting of the petition for extension of time was a finding that appellee's waiver was knowing and intelligent.

if trial did not commence within 180 days. The Superior Court, in accepting this argument, held:

> ... we find the instant appeal to be analagous to the *Iancovetti* case. Herein, appellant's [Knupp's] purported waiver was executed in the same year as was the one at issue in *Iancovetti*, i.e. 1980. Therefore, for the reasons we listed in that opinion, we find appellant's [Knupp's] waiver not in keeping with the then effective rules of court governing ARD applications.
>
> Additionally, we find that the evidence fails to support the Commonwealth's claim that appellant's [Knupp's] waiver was knowing and intelligent. Appellant [Knupp] did not have counsel when he signed the waiver nor did an attorney from the D.A.'s office speak to appellant [Knupp] regarding the waiver. As for the terms of the waiver itself, we note that nowhere does the waiver advise appellant [Knupp] that the charges against him can be dismissed if trial does not commence within the time period, allowed under Rule 1100. [citation omitted] For all the foregoing reasons we do not find that any of the time elapsed during the pendency of appellant's [Knupp's] ARD application can be excluded.

*Commonwealth v. Knupp*, 340 Pa.Super at 311, 490 A.2d at 4.

▇ The Superior Court, in finding appellee's waiver to be invalid, relied in part on its case, *Commonwealth v. Iancovetti*, 298 Pa.Super. 441, 444 A.2d 1257 (1982). In *Iancovetti*, the defendant also signed a waiver form in his application for A.R.D. The waiver form contained language to the effect that processing time of the A.R.D. application was waived for Rule 1100 purposes. The Superior Court in *Iancovetti* found the language of the form to be confusing, and, more importantly, found that "waiver of the right to a speedy trial is required only if appellant [Iancovetti] *is accepted* into the program. No provision is provided for a general waiver of speedy trial rights for the mere application for acceptance into the A.R.D. program." *Id.*, 298 Pa.Superior Ct. at 445–446, 444 A.2d at 1259. (emphasis in

original) This philosophy is not sound. The A.R.D. program is for the benefit of the defendant. After acceptance into and successful completion of the A.R.D. program, a defendant's "slate is wiped clean." The processing of A.R.D. applications by a district attorney's office is an administrative task that is inherent in the program. To have a situation exist where a defendant seeks the benefits of A.R.D., but the processing time of the A.R.D. application runs against the Commonwealth, would preclude the use of the program. Therefore, we find that an applicant for A.R.D. can waive the processing time of an A.R.D. application and to that extent disapprove *Iancovetti.*[9]

The waiver form signed by appellee specifically informed him of the right to be tried within 180 days from the date of the criminal complaint. The waiver of appellee's Rule 1100 right was for a specified time, i.e., from the date of the application until the completion of the program, or, if refused, from the date of the application until the term of court following the date of the notice of rejection.

■ We find no merit in the argument that the waiver was not knowing, voluntary and intelligent because it failed to inform appellee that the charges against him could be dismissed if appellee was not tried within 180 days. The waiver, as a whole, substantially advises appellee of his rights. The fact that appellee was not advised that the charges filed against him could be dismissed if trial did not commence within 180 days does not vitiate the waiver.

■ Although appellee executed the waiver form concerning his Rule 1100 right without counsel, the form clearly advised appellee of his right to counsel. Appellee admits that he never sought assistance, either from a District Attorney, a Public Defender or a private attorney. The Superior Court's decision in this case would impose on every

**9.** A comment to Rule 1100 now provides, "the attorney for the Commonwealth may request that the defendant waive Rule 1100 for the period of time spent in processing and considering the defendant's inclusion into the A.R.D. program." *Comment,* Rule 1100 Pa.R. Crim.P., as amended October 22, 1981, effective January 1, 1982.

district attorney's office the burden of assuring every A.R.D. applicant of legal representation for the A.R.D. process. If after being advised of the right to counsel an A.R.D. applicant chooses to forego that right, we will not require a district attorney to assure that counsel be provided for the A.R.D. process. Again, the A.R.D. program is for the benefit of the defendant. Imposing the burden, on the district attorney, of assuring legal representation to every A.R.D. applicant would make the program logistically and financially burdensome to administer.[10]

This Court stated, in *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983):

> Rule 1100 was designed to promote the administration of criminal justice within the context of our entire judicial system, not to render that system hostage to its own closed logic. The goals of efficiency and ease of administration which Rule 1100 serves are worthy; they should not be exalted at the expense of justice. Thus, in interpreting our Rule 1100, we must throw away the stopwatch and pick up the scales of justice.

*Id.,* 502 Pa. at 402, 466 A.2d at 1014. To find appellee's waiver here to be invalid, as a matter of law, based on the Superior Court's holding, would require a reading of Rule 1100, completely at odds with our philosophy as announced in *Crowley.*

■ Since the lower court did not make findings of fact on the issue of the validity of appellee's waiver, we must remand this case to the lower court for a factual determination of that issue.

The order of the Superior Court reversing judgment of sentence and discharging appellee is reversed and we re-

---

**10.** Each county is autonomous and formulates its own procedures for A.R.D. applications. If a district attorney is required to assure legal representation to every A.R.D. applicant, more district attorneys would have to be hired. Additionally, if a district attorney's office provides A.R.D. applications by mail, this practice would have to cease because there would be no attorney available to the applicant to explain the waiver of rights in the application or a district attorney would have to personally deliver all such applications so that legal representation would be available to the applicant.

mand this case to the Court of Common Pleas of Erie County for proceedings consistent with this opinion.[11]

NIX, C.J., and ZAPPALA, J., concur in the result.

McDERMOTT, J., filed a concurring and dissenting opinion.

McDERMOTT, Justice, concurring and dissenting.

I join the majority opinion insofar as it holds that "an applicant for A.R.D. can waive the processing time of an A.R.D. application." P. 623. However, on the record before us I see no need for a remand, and would find that Mr. Knupp waived his Rule 1100 complaint.

**11.** The issues not addressed by Superior Court (see n. 5, *supra* ) must await consideration until the proceedings in the Court of Common Pleas of Erie County are concluded.