Commonwealth *v.* Neely, Appellant.

4

Argued April 21, 1972. Before Jones, C. J., Eagen, O'Brien, Roberts, Nix and Manderino, JJ.

*Norman E. Dettra, Jr.,* with him *Rhoda, Stoudt & Bradley,* for appellant.

*Grant E. Wesner,* Deputy District Attorney, with him *Robert L. Van Hoove,* District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, October 4, 1972:
Judgment of sentence affirmed.
Mr. Justice Pomeroy took no part in the consideration or decision of this case.

———

Concurring Opinion by Mr. Justice Roberts:
Although I concur in the result reached by the Court that the trial court did not err in disallowing the appellant's request to withdraw his plea of guilty, I do so by adopting the ABA Standards Relating to Pleas of Guilty. The Standards state in pertinent part that:
"(a) the court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the

defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

". . .

"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."[1]

Further, as Mr. Justice STEWART stated in his concurring opinion in *Dukes v. Warden, Connecticut State Prison*:[2] "If a defendant moves to withdraw a guilty

---

[1] American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, §2.1 (a) and (b) (Approved Draft 1968).

[2] 406 U.S. 250, 257-58, 92 S. Ct. 1551, 1555 (1972). In *Commonwealth v. Culbreath*, 439 Pa. 21, 264 A. 2d 643 (1970) (Mr. Justice ROBERTS, joined by Mr. Justice POMEROY, dissenting), this Court affirmed the state trial court's refusal to allow the defendant to withdraw his guilty plea, entered as a result of a plea bargain, prior to sentence; withdrawal was sought when the defendant became aware of the fact that the court was under no obligation to impose sentence consistent with that recommended by the district attorney. Applying the standards enunciated in *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495 (1971), and the ABA Standards Relating to Pleas of Guilty, the Court of Appeals for the Third Circuit, in *United States ex rel. Culbreath v. Rundle*, F. 2d (3d Cir. 1972) remanded the case to the district court with instructions to issue a writ of habeas corpus unless the Commonwealth ". . . agrees (1) to give Culbreath an opportunity to withdraw his plea of guilty, and if the state decides to allow withdrawal of the plea he will plead anew to all of the original indictments, or (2) if the state court decides that there should be specific performance of the agreement on the plea, then Culbreath should be resentenced by a different judge." *United States ex rel. Culbreath v. Rundle, supra, at* (footnote omitted).

plea before judgment and if he states a reason for doing so, I think that he need not shoulder a further burden of proving the 'merit' of his reason at that time. Before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all the constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our Constitution. Any requirement that a defendant prove the 'merit' of his reason for undoing this waiver would confuse the obvious difference between the withdrawal of a guilty plea before the government has relied on the plea to its disadvantage, and a later challenge to such a plea, on appeal or collaterally, when the judgment is final and the government clearly has relied on the plea."

However, in applying the above standards to the facts of the instant case, it is clear that the trial judge was correct in refusing appellant's withdrawal motion; no "manifest injustice" required correction nor had the appellant's request been premised upon a "fair and just reason."

Mr. Justice NIX and Mr. Justice MANDERINO join in this opinion.