No. 72–6206. NEELY *v.* PENNSYLVANIA. Sup. Ct. Pa. Certiorari denied. 

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

This case presents a question which this Court has not previously answered—under what circumstances a defendant, *prior to sentencing,* may withdraw a guilty plea.[1]

---

[1] Although the opinion of MR. JUSTICE MARSHALL concurring in part and dissenting in part in *Santobello* v. *New York,* 404 U. S. 257, 267, joined by MR. JUSTICE BRENNAN and MR. JUSTICE STEWART, addressed this question, the Court, vacating petitioner's conviction because the State did not abide by a promise made to petitioner at the time of his guilty plea, remanded for a determination "whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i. e.,* the opportunity to withdraw his plea of guilty." *Id.,* at 263. In *Dukes* v. *Warden,* 406 U. S. 250, MR. JUSTICE MARSHALL, in dissent, joined by me, again addressed this issue. *Id.,* at 259. The Court, however, considered solely whether petitioner's guilty plea had been voluntary when entered. MR. JUSTICE STEWART

Harold Neely, the petitioner, was indicted by a Berks County, Pennsylvania, grand jury on a charge of murder.[2] Although petitioner initially pleaded not guilty at his arraignment on November 20, 1969, when his case was called for trial on March 23, 1970, he pleaded guilty on the advice of counsel and with the consent of the district attorney to the lesser included offense of voluntary manslaughter. There is no question that the trial judge, in accepting the plea, complied with the mandate of *Boykin* v. *Alabama*, 395 U. S. 238, that the record disclose that the plea was entered voluntarily and understandingly. At the same time, upon motion of the district attorney, the charge of murder was withdrawn.

On April 23, 1970, petitioner filed a petition for a rule to show cause why he should not be permitted to withdraw his plea. He alleged that the plea was induced upon advice of counsel "that should the defendant take the witness stand in his own defense, he is the same as any other witness and his credibility is in issue, and that the Commonwealth therefore may introduce evidence of his prior criminal record of conviction . . . ."[3] At the

---

concurred on the understanding that the case did not properly present an instance where the defendant had moved to withdraw his guilty plea before judgment. *Id.*, at 258.

[2] The indictment charged that "on or about July 18, 1969, in said County, the said Harold Neely, feloniously, wilfully and of his malice aforethought did kill and murder Richard Earl Williams, all of which is against the peace and dignity of the Commonwealth of Pennsylvania."

[3] The rule to show cause also alleged "[t]hat your petitioner is of the opinion that the Act of March 15, 1911, P. L. 20, Section 1 (19 P. S. 711) prohibits cross-examination by the Commonwealth of a Defendant as to his prior conviction for impeachment purposes unless the Defendant himself has placed his good character and reputation in issue." That Act provides in relevant part:

"Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall

hearing on his petition, which was not held until September 2, 1970, petitioner testified that he had "a statement from a Ronnie Templeton who was an eyewitness originally for the State, who now changes his statement and says he was at another place and that the State's chief witness was with him at the time the shooting occurred, and makes it impossible for any one of them to have seen the incident at all."

The trial judge, without explication, ruled that both asserted reasons for withdrawing the guilty plea were "without merit" and stated that the court was "not aware of any unusual circumstances being present whereby justice will best be served by submitting the case to a jury." The petition to withdraw the plea was dismissed, and petitioner subsequently was sentenced. The Supreme Court of Pennsylvania affirmed.[4] 449 Pa. 3, 295 A. 2d

not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation; unless,—

"One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or,

"Two. He shall have testified at such trial against a co-defendant, charged with the same offense."

The State, in its answer to the rule to show cause, responded that "the line of cases interpreting this section have allowed the Commonwealth to introduce evidence of a Defendant's prior criminal record of conviction of felonies or of misdemeanors in the nature of crimen falsi for the purpose of affecting his credibility where a Defendant takes the witness stand in his own defense."

[4] Three judges, concurring, would have adopted Standard 2.1 (b) of the American Bar Association Project on Standards for Criminal Justice, Pleas of Guilty (Approved Draft 1968), which provides:

"In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty

75. I would grant the petition for a writ of certiorari and set the case for oral argument.

A guilty plea constitutes a waiver of the fundamental rights to a jury trial, *Duncan* v. *Louisiana*, 391 U. S. 145; to confront one's accusers, *Pointer* v. *Texas*, 380 U. S. 400; to remain silent, *Malloy* v. *Hogan*, 378 U. S. 1; and to be convicted by proof beyond all reasonable doubt, *In re Winship*, 397 U. S. 358. In short, we have recognized a "right not to plead guilty." *United States* v. *Jackson*, 390 U. S. 570, 581. It is because of the waiver of these rights and that a guilty plea is itself a conviction that a guilty plea "demands the utmost solicitude." *Boykin* v. *Alabama, supra*, at 243.

The court below in essence ruled that a defendant may not withdraw a guilty plea prior to sentencing unless there are "unusual circumstances . . . whereby justice will best be served by submitting the case to a jury." In my view, this standard deprived petitioner of the full panoply of fundamental rights subsumed within the right not to plead guilty. I would hold, instead, that "where the defendant presents a reason for vacating his plea and the government has not relied on the plea to its disadvantage, the plea may be vacated and the right to trial regained, at least where the motion to vacate is made prior to sentence and judgment." *Santobello* v. *New York*, 404 U. S. 257, 267–268 (MARSHALL, J., concurring in part and dissenting in part); see *Dukes* v. *Warden*, 406 U. S. 250, 257 (STEWART, J., concurring).

---

or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

They concluded that under this standard the trial judge had not abused his discretion in refusing to allow petitioner to withdraw his plea.

I start with the premise that under our system of criminal justice a defendant is presumed innocent until proved guilty. Moreover, due process of law requires that a person be convicted by proof beyond all reasonable doubt. *In re Winship, supra.* A guilty plea, if it is to be consistent with these principles, should not be allowed to stand if the defendant upon reflection or additional developments seeks *in good faith* to exercise his right to trial. I cannot accept a concept of irrevocable waiver of constitutional rights, at least where the government will not suffer substantial prejudice in restoring those rights. The criminal process is not a contest where the government's success is necessarily measured by the number of convictions it obtains, regardless of the methods used. A conviction after trial accords with due process only if it is based upon a full and fair presentation of all the relevant evidence which bears upon the guilt of the defendant. See, *e. g., Brady* v. *Maryland,* 373 U. S. 83, 87–88. Similarly, a guilty plea should not be a trap for the unwary or unwilling. We should not countenance the "easy way out" for the State merely because it has induced a guilty plea through a plea bargain.

It is true, of course, that the guilty plea plays an important role in the administration of the criminal law. See, *e. g., Santobello* v. *New York, supra,* at 260. But, the mere interest of the government in avoiding a full-blown trial cannot outweigh the interests of the defendant, when he asserts sufficient reasons, valid on their face, for withdrawing a guilty plea. See *Dukes* v. *Warden, supra,* at 257–258 (STEWART, J., concurring). Here the petitioner claimed that he pleaded guilty on the basis of a misunderstanding of applicable law. Also, he had reason to believe that a key prosecution witness would not testify as originally expected. Presumably, petitioner believed in good faith that he might present

a successful defense to the charge of murder. In its opposition to the motion to withdraw the plea, the State did not assert any prejudice whatsoever if the plea were withdrawn. Only now, in its opposition to the petition for a writ of certiorari, does the State claim prejudice: "[I]n the truest sense, the Commonwealth does change its position because it requires a total rescheduling of cases with all the difficulties encountered by the calling of witnesses." This conclusory allegation, absent a showing that the State has suffered inroads on its ability to maintain a prosecution, is not sufficient to override the vindication of petitioner's fundamental constitutional rights.