544 A.2d 471

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles A. HOLLENBACH.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1988.

Filed June 24, 1988.

282

David D. Noon, Assistant District Attorney, Sunbury, for Com., appellant.

Elizabeth A. Beroes, Assistant Public Defender, Sunbury, for appellee.

Before BROSKY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Northumberland County dismissing eighteen (18) criminal informations issued against the appellee, Charles A. Hollenbach, for alleged violations of Pa.R.Crim.P. 1100 by the appellant, Commonwealth of Pennsylvania. We reverse.

The record reveals that, following the issuance of nineteen (19) criminal informations docketed at Criminal 85–30 through 85–46 and Criminal 85–56 and 85–57, the appellee entered a plea of guilty on July 15, 1985, to the crimes charged. Sentence was scheduled for December 27, 1985. At the time stated, the following exchange took place:

MR. ROSINI: Your Honor, at this time the Commonwealth would call the matter of Commonwealth of Pennsylvania vs. Charles A. Hollenbach. Mr. Hollenbach was charged with Burglary, Theft by Receiving Stolen Property, and Criminal Mischief by a criminal information filed to CR–85–30. He previously entered a plea of guilty. Now, it is my understanding that at this time that Mr. Hollenbach is present to withdraw his plea of guilty and to be scheduled for trial. He is present in court with his attorney Ann Targonski for the purpose of withdrawing his plea.

THE COURT: There is more than just 85–30, there is 85–45, and they go up.

MS. TARGONSKI: Your Honor, it goes 31, 32, 33, 34, 35, 36, 37, through—

THE COURT: On the sentencing scheduled for today we are going to have a withdrawal of the guilty plea.

MS. TARGONSKI: On all counts, yes.

THE COURT: On all counts. Let me just get this record straight. Mr. Hollenbach on the 5th of July, 1985, you entered a guilty plea, your age is 22, you have had a tenth grade education, and, you must have worked at some kind of work. What kind work [sic] did you do?

THE DEFENDANT: I work for [sic] mentally retarded patients.

THE COURT: Well, the purpose Chuck, is so that the record reflects that on the 5th of July, 1985 you entered a guilty plea. Someone of your age, of your education, of your work experience, now wishes to withdraw his guilty plea, and wants to go to trial in this matter, these matters. Is that what you want to do today, withdraw your guilty plea?

THE DEFENDANT: Yes.

THE COURT: Now, Mr. Rosini, you might want to say something for the Commonwealth on when this is going to be rescheduled.

MR. ROSINI: Your Honor, whether it can be scheduled in January the Commonwealth would have 120 days to

bring the Defendant to trial after his plea. He will be scheduled at the next available opportunity to try the defendant.

THE COURT: Well, I know that there were about 12 sentences that I was going to recite but, with the withdrawal of the guilty plea, we'll mark the matter continued and the Commonwealth will notify Mr. Hollenbach and counsel when this is scheduled for trial. That's all we will be able to do in this matter today.

The next thing we find of record is a Motion by the appellee seeking dismissal of the charges listed at Criminal 85–31 through 85–46 and Criminal 85–56 and 85–57 [1] for the Commonwealth's alleged violation of Rule 1100, i.e., failure to try the accused within 120 days of the withdrawal of his guilty pleas.

A rule was issued upon the Commonwealth, and a hearing was scheduled for July 3, 1986, to determine whether appellee's Motion to dismiss should be granted. No testimony was given at the hearing. Rather, argument by counsel was heard by the court on the single issue of "basically what occurred on the 27th of December, 1985". It was the position of the Commonwealth that the pleas of guilty were still in effect, save for the charges lodged at Criminal 85–30 (see footnote 1, supra), inasmuch as "the Court never made any determination to determine whether the defendant's withdrawal of his guilty plea was fair and just." This requirement, urged the Commonwealth, exists in the Rules of Criminal Procedure [2] and was not complied with by the

1. We note that, although not of record, the briefs of the parties indicate that the offenses appearing at Criminal 85–30 were listed by the Commonwealth for trial. (See Appellee's Brief at 7; Appellant's Brief at 8) However, disposition of the same is not mentioned nor is it relevant to our resolution of the case at bar.

2. See Pa.R.Crim.P. 320 and *Comment* to Pa.R.Crim.P. 321, wherein the Standards Relating to Pleas of Guilty § 2.1(a)(ii), A.B.A. PROJECT ON STANDARDS FOR CRIMINAL JUSTICE is referred to, and upon reading recommends at § 2.1(b) that:

> Before sentence, the court in its discretion may allow the defendant to withdraw his plea for *any fair and just reason* unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

(Emphasis added).

court at the December 27th proceeding. In support of its contention, the Commonwealth cited *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973). Further, it was asserted by the Commonwealth's attorney that no order granting the appellee's withdrawal of his pleas having ever been issued, when viewed in conjunction with the "vague and often confusing" December 27th proceeding, justified a denial of the appellee's Motion.

In response, counsel for the appellee argued that the December 27th proceeding dealt with the withdrawal of all of the complaints and criminal information numbers and was not restricted to Criminal 85–30. Albeit there was one guilty plea entered, "that plea was on all counts", and the appellee's efforts to inform the court that the pleas to *all* criminal informations were sought to be withdrawn is evidenced from a reading of the transcript of the December 27th proceeding, so stated the appellee's counsel.

Also, the appellee's counsel urged that, although a pre-sentence investigation report was completed, the Commonwealth never made any effort to sentence the appellee. "Therefore, [with] the Commonwealth['s] fail[ure] to file the necessary petitions for extension of time or to bring the defendant to trial in CR 85–31 and the following CR numbers, ... these ... cases docketed to these CR numbers should be dismissed."

By opinion and order dated August 1, 1986, the court below found that, "based on a reading of the transcript of sentencing, ... the Defendant withdrew his guilty pleas to all cases. * * * Since the Defendant was not brought to trial within 120 days of December 27, 1985, the date that he withdrew his guilty pleas, Defendant's Rule 1100 rights hav[ing] been violated", he was entitled to a dismissal of the offenses listed at Criminal 85–31 through 85–46 and Criminal 85–56 and 85–57. A timely appeal was filed with this Court, and, thereafter, en banc consideration was granted to resolve the central issue of whether the appellee's guilty

pleas were properly withdrawn in accordance with accepted practice in this jurisdiction.

We begin our discussion with scrutinizing what appears to be the seminal case on the subject of withdrawal of one's guilty plea(s) in Pennsylvania, *Commonwealth v. Forbes*, supra. In *Forbes*, the defendant had been charged with various offenses stemming from the death of one Sonia Rosenbaum. The sixteen-year-old defendant pleaded guilty to the charges brought against him. However, before a three-judge panel assembled to determine whether the case might constitute murder in the first degree, the defendant stated he desired to withdraw his pleas because he did not commit the crimes charged. The matter was continued so that a hearing on the defendant's withdrawal request could be held. At the time assigned for such a proceeding, the defendant changed his mind and decided not to pursue his withdrawal request. After the three-judge panel was reconvened, and despite evidence that the defendant was pleading because of his counsel's threat to withdraw from the case, the pleas of the defendant were allowed to stand, and a first degree murder conviction and life sentence followed.

An appeal was filed by the defendant claiming trial court error in its failing to grant his withdrawal request—made prior to any evidence being offered at the degree of guilt hearing and, thus, prior to adjudication and imposition of sentence.

The Supreme Court agreed with the defendant's contention that counsel's threat to withdraw from the case if he did not plead guilty rendered the pleas involuntarily and unintelligently entered and subject to withdrawal. In the course of its ruling, the *Forbes* Court made remarks which we find to be germane to the case at bar; to-wit:

> Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made *before* sentencing—here, that request was made at even an earlier stage—should be liberally allowed. See *United States ex rel. Culbreath v.*

*Rundle,* 466 F.2d 730 (3d Cir.1972); *United States v. Young,* 424 F.2d 1276 (3d Cir.1970); *United States v. Stayton,* 408 F.2d 559 (3d Cir.1969); Pa.R.Crim.P. 320; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1 (Approved Draft, 1968); Note, Pre-Sentence Withdrawal of Guilty Pleas in Federal Courts, 40 N.Y.U.L.Rev. 759 (1965). In *United States ex rel. Culbreath v. Rundle,* supra, the Third Circuit stated:

"It has been recognized under Pennsylvania and Federal law that a trial judge has discretion to refuse a request to retract a plea of guilty since there is no absolute right to withdraw such a plea. *However, a request made before sentencing has been generally construed liberally in favor of the accused.*"

Id. at 732 of 466 F.2d (emphasis added) (footnotes omitted).

The ABA Standards are in complete harmony with this view. The standards state:

"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. *Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.*"

ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1(b) (Approved Draft, 1968). See also *Commonwealth v. Neely,* 449 Pa. 3, 4, 295 A.2d 75, 76 (1972) (Roberts, J., concurring opinion).

Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." *United States v. Stayton,* supra at 561. If the trial court finds "any fair and just reason", withdrawal of the plea

before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced." ABA Standards Relating to Pleas of Guilty, supra. As the Third Circuit noted:

> "The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice. It reduces the number of appeals contesting the 'knowing and voluntariness' of a guilty plea, and avoids the difficulties of disentangling such claims. It also ensures that a defendant is not denied a right by trial by jury unless he clearly waives it."

*United States v. Young*, 424 F.2d 1276, 1279 (3d Cir. 1970).

450 Pa. at 190–91, 299 A.2d at 271–72 (Emphasis in original).

■ What is to be garnered from *Forbes* is the endorsement of a test condoning the liberal withdrawal of a plea of guilty prior to the imposition of sentence, provided, however, it is preceded by the presentment of "any fair and just reason" and the prosecution is not "substantially prejudiced" as a result of the withdrawal. This conclusion has been reaffirmed recently by our Supreme Court in *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984), wherein the viability of the "fair and just reason" test and its role in the analysis of a challenge to a plea were discussed.

In *Anthony*, the Court held, based on a totality of the circumstances test, that the defendant had knowingly, intelligently and voluntarily pleaded guilty to charges of murder and robbery despite the trial court's failure to advise him, during an extensive colloquy, that a jury verdict must be unanimous. More importantly, as is herein relevant, the Court responded to the defendant's complaint that the trial court abused its discretion in denying him permission to withdraw his guilty pleas. In the course of finding the claim meritless, Justice McDermott wrote:

The standard that must be employed when reviewing this claim is whether a defendant has demonstrated a "fair and just reason" for the withdrawal request. *Commonwealth v. Forbes, [supra]*. Even if a viable reason is advanced for withdrawal, it is allowed only if the Commonwealth has not been substantially prejudiced by reliance on the plea. *Commonwealth v. Forbes, supra.*[6]

[6] Because appellant has failed to satisfy the "fair and just" standard, there is no need to reach the issue of whether the Commonwealth has been prejudiced in its reliance on the plea.

504 Pa. at 561 & n. 6, 475 A.2d at 1309 & n. 6. Accord *Commonwealth v. Kay*, 330 Pa.Super. 89, 94 n. 3, 478 A.2d 1366, 1369 n. 3 (1984), cert. denied, 471 U.S. 1010, 105 S.Ct. 2009, 85 L.Ed.2d 293 (1985).

As is evident from the remarks of the *Anthony* Court on the issue of the withdrawal of a guilty plea, such a request "is allowed *only if* the Commonwealth has not been substantially prejudiced by reliance on the plea." 504 Pa. at 561 n. 6, 475 A.2d at 1309 n. 6 (Emphasis added).

■ Instantly, not only do we have the absence of any determination by the trial court as to whether the Commonwealth has been "substantially prejudiced" by the withdrawal of the plea, we have a failure to adhere to the *Forbes* requirement—the initial prong in the test assessing the withdrawal of a plea—that a "fair and just reason" precede the allowance of a plea withdrawal before inquiry into the "substantial prejudice" to the Commonwealth need be made. Neither requirement under *Forbes* having been met at bar, we can find no support in the record for the trial court's factual determination that "the Defendant withdrew his guilty pleas." Cf. *Commonwealth v. Iannaccio*, 304 Pa.Super. 307, 314–15, 450 A.2d 694, 698 (1982), cert. denied sub nom. *Iannaccio v. Pennsylvania*, 474 U.S. 830, 106 S.Ct. 96, 88 L.Ed.2d 78 (1985) (appellate court is not bound by factual determination made by court below which is wholly lacking support in the record).

To remedy the shortcomings sub judice and to establish a compliance with the dictates in *Forbes*, we deem it prudent

to remand the matter at hand to afford the appellee the opportunity to proffer some "fair and just reason" warranting a withdrawal of his plea. If the court below so finds, then, in accordance with *Forbes*, the withdrawal may be granted unless the prosecution has been "substantially prejudiced."

Given our finding that the non-compliance with the two-pronged test of *Forbes* undermines the determination of the court below that the appellee ("properly") withdrew his guilty pleas, it necessarily follows that the conclusion by the same court that the Commonwealth's failure to seek a continuance to avoid the running of the 120–day time limit under Rule 1100(e)(1)[3], for the prosecution of the accused, need not be scrutinized. This is so because error in the withdrawal of the pleas dispenses with the need to inquire into the subsequent conduct of the Commonwealth in failing to seek compliance with the time strictures of Rule 1100(e)(1).

Order reversed and case remanded for proceedings not inconsistent with this opinion. Jurisdiction relinquished.

WIEAND, J., files a dissenting opinion.

KELLY, J., files a dissenting opinion in which BECK, J., joins in Parts I & II.

WIEAND, Judge, dissenting:

I respectfully dissent. A review of the record in this case reveals unequivocally the following four facts: (1) Charles A. Hollenbach, on December 27, 1985, was permitted to withdraw a plea of guilty to informations charging him with burglary and related offenses; (2) the representative of the Commonwealth did not object to the withdrawal of Hollenbach's plea and agreed that Hollenbach would be scheduled for trial within one hundred twenty days thereafter; (3) the Commonwealth did not try Hollenbach within one hundred

---

3. Rule 1100(e)(1) reads:
   When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.

twenty days thereafter as required by Pa.R.Crim.P. 1100(e)(1);[1] and (4) the Commonwealth has failed to show excludable time or, indeed, offer any excuse for its failure to bring Hollenbach to trial within the required one hundred twenty days.

In order to reverse and remand for trial on the charges, the majority concludes that Hollenbach's withdrawal of his guilty plea was improperly allowed by the trial court, which failed to determine whether a fair and just reason existed for allowing the plea to be withdrawn. This conclusion is reached despite the fact that the Commonwealth did not object to the withdrawal of the plea or offer any reason why it might be prejudiced thereby. The Commonwealth did not at any time challenge the withdrawal of the guilty plea until it was faced with a petition to dismiss for violation of Rule 1100, filed approximately five months after the trial court had allowed Hollenbach to withdraw the plea. I would hold that the Commonwealth, by failing to object at the time the plea was withdrawn, waived any challenge which it might have had to the withdrawal of the defendant's guilty pleas.[2]

Although I share the majority's distaste for the dismissal of serious criminal charges on the basis that Rule 1100 has been violated, it seems clear that the rule was violated in this case. The trial court recognized this and courageously dismissed the charges. That the judges of this Court would disapprove of the result required by Rule 1100 in this case is understandable. Unless or until the rule is repealed by the Supreme Court, however, our duty is to enforce it. I

1. Now Pa.R.Crim.P. 1100(d)(1) following amendment of Rule 1100 by the Supreme Court on December 31, 1987.

2. Had the Commonwealth timely objected to or timely appealed from the trial court's allowance of the withdrawal of Hollenbach's guilty plea, I would have no trouble finding that the trial court abused its discretion by allowing the withdrawal. Cf. *Commonwealth v. Mosley*, 283 Pa.Super. 28, 32, 423 A.2d 427, 429 (1980) (following Commonwealth appeal from the withdrawal of a guilty plea this Court found "that the court below abused its discretion in permitting the withdrawal of the plea without 'fair and just' reasons."). This issue has, however, been waived by the Commonwealth's failure to timely raise it.

would affirm the trial court's order dismissing the charges against Hollenbach.

KELLY, Judge, dissenting:

I respectfully dissent. I fully agree with the majority that the withdrawal of a guilty plea should not have been granted without a demonstration of a fair and just reason for the withdrawal nor without an inquiry into whether the Commonwealth would be prejudiced by the withdrawal of the plea. However, I nonetheless find that the Commonwealth waived any challenge to the withdrawal of the plea by failing to make any objection at the time the plea was withdrawn. Because I dissent, I address each of the Commonwealth's contentions on appeal.

## FACTS AND PROCEDURE

In December of 1984, appellee, Charles Hollenbach, was arrested and charged with more than sixty-four counts of burglary, theft and related offenses. In July of 1985, appellant entered a guilty plea to all counts. A pre-sentence investigation report was made and sentencing was scheduled for December 27, 1985. On that date, however, appellant withdrew his guilty plea.

Sometime thereafter, presumably within the 120–day period mandated by Pa.R.Crim.P. 1100, the Commonwealth filed a petition for extension of time pursuant to Pa.R.Crim.P. 1100(c) with regard to the charges docketed at CR–85–30.[1] Inexplicably, no petition for extension was filed with regard to the charges at the other docket numbers, which are the subject of the instant appeal.

On May 30, 1986,[2] the appellee filed a motion pursuant to Rule 1100 to dismiss the charges docketed at CR numbers

1. On May 30, 1987, appellant re-entered a guilty plea to the charges pending at that docket number. The final disposition of those charges is not reflected in the briefs of the parties or in the record before this Court.

2. Both the Commonwealth's and appellee's briefs indicate the motion was filed *March* 30, 1986; the docket and the time stamped motion itself are dated *May* 30, 1986. (Commonwealth's Brief at 4, Appellee's

85–31 to 5–46, 85–56, and 85–57. A hearing was held on July 3, 1986. Although the Commonwealth requested and was granted permission to submit a post-hearing brief to the trial court (N.T. 7/3/86 at 6), none appears in the record certified to this Court on appeal. On August 1, 1986, the trial court entered an order and opinion granting appellee's motion to dismiss. Timely notice of appeal was filed by the Commonwealth.

On appeal, the Commonwealth contends, alternatively, that either: 1) appellee's original guilty plea was never properly withdrawn as to the charges listed at the above docket numbers, and therefore, the 120–day Rule 1100 period never commenced; or, 2) if the guilty plea was properly withdrawn as to the charges at the above docket numbers, then the Commonwealth's petition for extension of time under Pa.R.Crim.P. 1100(c) should have been construed to apply to the charges at the above docket numbers. Upon review of the record, the briefs of the parties, and the opinion of the trial court, I find that neither contention has been properly preserved for appeal by the Commonwealth.

## I.

The Commonwealth first contends that appellee's guilty plea was never properly withdrawn, and therefore, the Rule 1100 period never commenced. Appellant argues that: 1) no written petition to withdraw the guilty plea was filed; 2) only the charges at CR number 85–30 were called, therefore only the plea to charges at that docket number could properly be withdrawn; 3) the trial court did not conduct a hearing as to whether appellee had a fair and just reason to withdraw the plea; 4) the trial court made no definite order granting withdrawal of the plea; 5) no order granting withdrawal of the plea was ever docketed; and finally, 6) the record is unclear with respect to the issue of withdrawal

Brief at 1). The difference is noteworthy in that, assuming a valid plea withdrawal December 27, 1985, the new 120–day period to bring appellee to trial would not have expired until April 25, 1986 (after March 30, 1986 but before May 30, 1986). The May 30, 1986 date on the docket and time stamped motion, of course, controls.

of the guilty pleas, and therefore, no run date was reasonably ascertainable. (*See* Commonwealth's Brief at 6–7).

### A.

The Commonwealth's assertions of confusion notwithstanding, I find that the record fully sustains the trial court's conclusion that appellant had requested to withdraw his plea as to "all counts" at each of the docket numbers. The transcript states in pertinent part:

MR. ROSINI: Now, it is my understanding that at this time that Mr. Hollenbach is present to withdraw his plea of guilty and to be scheduled for trial. He is present in court with his attorney Ann Targonski for the purpose of withdrawing his plea.

THE COURT: *There is more than just 85–30, there is 85–45, and they go up.*

MS. TARGONSKI: *Your Honor, it goes 31, 32, 33, 34, 35, 36, 37, through—*

THE COURT: On the sentencing scheduled for today we are going to have a withdrawal of the guilty plea.

MS. TARGONSKI: *On all counts.*

THE COURT: *On all counts.*

(N.T. 12/27/85 at 2–3). (Emphasis added).

It is equally clear from the record of the hearing that the motion to withdraw the guilty plea was granted.

THE COURT: ... Let me just get this record straight. Mr. Hollenbach on the 5th of July, 1985, you entered a guilty plea, your age is 22, you have had a tenth grade education, and, you must have worked at some kind of work. What kind of work did you do?

THE DEFENDANT: I work for mentally retarded patients.

THE COURT: Well, the purpose Chuck, is so that the record reflects that on the 5th of July, 1985 you entered a guilty plea. Someone of your age, of your education, of your work experience, now wishes to withdraw his guilty plea, and wants to go to trial *in this matter, these*

*matters.* Is that what you want to do today, withdraw your guilty plea?

THE DEFENDANT: Yes.

THE COURT: Now, Mr. Rosini, you might want to say something for the Commonwealth on when this is going to be rescheduled.

MR. ROSINI: Your Honor, whether it can be scheduled in January *the Commonwealth would have 120 days to bring the Defendant to trial after his plea.* He will be scheduled at the next available opportunity to try the defendant.

THE COURT: Well, I know that there were about 12 sentences that I was going to recite but, *with the withdrawal of the guilty plea* we'll mark the matter continued and *the Commonwealth will notify Mr. Hollenbach and counsel when this is scheduled for trial.* That's all we will be able to do in this matter today.

(N.T. 12/27/85 at 2–3). (Emphasis added). The foregoing clearly reveals awareness on the part of the Commonwealth that the motion to withdraw the plea had been granted and that a trial was to be scheduled; by acknowledging a new 120–day period in which to bring appellant to trial the Commonwealth implicitly acknowledged the fact that the plea had been withdrawn. *See Commonwealth v. Lewis,* 295 Pa.Super. 61, 440 A.2d 1223 (1982) (when a guilty plea is withdrawn, a new 120–day period in which to bring defendant to trial commences). The awareness of the Commonwealth that the plea had been withdrawn is also demonstrated by the failure of the Commonwealth during or after that hearing to move for sentencing on the portion of the prior plea it alleges was still in force, despite the fact that the presentence investigation had been completed prior to the December 27, 1985 hearing.

### B.

The record does confirm, however, that appellee did not file a written petition to withdraw his plea, no order granting the motion was ever entered on the docket, and the trial

court did not require appellee to articulate fair and just reasons in support of his motion to withdraw his plea or inquire as to the possibility of prejudice to the Commonwealth if the plea were withdrawn. We must, then, consider the legal significance of these facts.

1.

The absence of a written motion for withdrawal of the guilty plea has no effect whatsoever on the validity of the plea withdrawal. Pursuant to Pa.R.Crim.P. 320, "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Clearly, the use of the phrase "permit or direct" vests the trial court with authority to *direct* withdrawal of the plea *sua sponte.* Thus, when the trial court discovers, in a pre-sentence investigation report, assertions by the defendant which give the court reason to doubt the voluntary, knowing, and intelligent nature of a prior guilty plea (or its equivalent, a *nolo contendere* plea), the court may in its discretion direct the plea to be withdrawn, *whether or not a written motion to withdraw the plea has been filed by the defendant. Cf. Commonwealth v. Mascitti,* 368 Pa.Super. 454, 459, 534 A.2d 524, 526–27 (1987) (trial court may in its sound discretion *sua sponte* reconsider, reject plea agreement, and permit defendant to withdraw his plea when defendant asserted his innocence to the pre-sentence report investigator; construing Pa.R. Crim.P. 319); *Commonwealth v. Whittall,* 304 Pa.Super. 258, 450 A.2d 669 (1982) (although no motion to withdraw the guilty plea was filed, trial court withdrew plea for defendant where defendant denied his guilt when interviewed by pre-sentence report investigator).

Moreover, although a written motion may certainly be filed in support of a defense request that the court exercise its discretion to permit pre-trial withdrawal of a plea pursuant to Pa.R.Crim.P. 320, the rule itself does not require the filing of a written petition. The significance of the absence of express language requiring a written petition in Pa.R. Crim.P. 320 is amplified by the existence of such language

in Pa.R.Crim.P. 321(a) which states, "[a] motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea *shall be in writing* and shall be filed with the trial court within ten (10) days after imposition of sentence." (Emphasis added). A written motion is simply not a prerequisite to the proper exercise of the court's discretionary authority to permit or direct the withdrawal of a guilty plea pursuant to Pa.R.Crim.P. 320. *Cf. Commonwealth v. Whittall, supra,* 304 Pa.Superior Ct. 258, 265, 450 A.2d 669, 673 (1982) ("[i]t would elevate form over substance to hold that appellee was still bound by his plea merely because he failed to file a written withdrawal petition"). I note that appellant did move to withdraw his plea in an oral motion on the record in open court. *See* Pa.R. Crim.P. 9020 (all motions must be written except, *inter alia,* when made in open court during a trial or hearing); *cf. Commonwealth v. Royer,* 328 Pa.Super. 60, 69, 476 A.2d 453, 457 (1984) (oral statements on the record in open court constitute a contemporaneous written statement pursuant to 42 Pa.C.S.A. § 9721(b)).

2.

I place no significance whatsoever on the fact that no order granting the motion to withdraw the guilty plea was entered on the trial court's docket. The Commonwealth has not cited, and I do not find, any authority for the proposition that an *interlocutory* order or ruling made in the presence of the parties on the record in open court in a criminal case must be formalized by an order entered on the court docket in order to have effect. To the contrary, docket entries in such cases merely memorialize the prior completed act.

3.

The Commonwealth also argues on appeal that there could be no valid withdrawal of the guilty plea because appellee established no fair or just basis upon which withdrawal of the plea could be granted. Undeniably, the law requires the statement of a fair and just reason before a trial court may properly permit withdrawal of a guilty plea

prior to sentence; moreover, even when such a reason is established withdrawal may not be permitted if the Commonwealth would be substantially prejudiced. *See Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984); *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973); *Commonwealth v. Dorian*, 314 Pa.Super. 244, 248, 460 A.2d 1121, 1123 (1983), *aff'd* 503 Pa. 116, 468 A.2d 1091 (1983). I agree that the trial court erred in failing to state, or require appellant to state, a fair and just reason for withdrawing the plea and in failing to determine whether the Commonwealth would be prejudiced by withdrawal of the plea.

Nonetheless, when the Commonwealth stands by silently while the court exercises its discretion in open court to grant the motion, thereafter acknowledges the grant of the motion by filing a petition for an extension of time in which to bring appellant to trial, and does not voice objections to the grant of the motion until it is faced with dismissal of the charges inexplicably omitted from its timely Pa.R.Crim.P. 1100(c) petition, I can reach no other conclusion but that long-settled principles of waiver preclude the Commonwealth from raising belated challenges to the court's exercise of its discretion under Pa.R.Crim.P. 320. I cannot agree with the implicit assumption of the majority that the trial court's procedural errors in granting the plea withdrawal rendered the plea withdrawal void *ab initio,* or that the errors were such that they could not be waived by the Commonwealth. Rather, I find the defects in the plea withdrawal proceedings to have been waived by the Commonwealth's silent acquiescence to the withdrawal of the plea on December 27, 1985.

## II.

The Commonwealth's second contention is that the timely petition for extension of time in which to bring appellee to trial on the charges docketed at CR–85–30 should have been treated as applying to all of the charges at each of the docket numbers, as all the charges had previously been

treated as a unit. The Commonwealth notes that there had been one guilty plea originally entered, one pre-sentence report ordered, and one motion to withdraw the guilty plea. The Commonwealth then reasons:

> To bind the Commonwealth to its petition relative only to those cases reflected in the caption and not to bind Defendant to withdrawal of a guilty plea to only those cases reflected in the caption of the hearing of 27 December 1985, would serve only the technical requirements of the law.

(Commonwealth's Brief at 8–9). The majority do not reach this contention. Although the Commonwealth's argument on appeal is persuasive and logical, I would find that it too was waived.

At the hearing on December 27, 1985, both the court and counsel for appellee indicated that the plea withdrawal was to apply to all of the charges at each of the docket numbers. (N.T. 12/27/85 at 1). At the hearing on appellee's Rule 1100 motion on July 3, 1986, the Commonwealth argued steadfastly that no proper plea withdrawal had been made, but that if any plea had been withdrawn it could only be the plea to the charges docketed at CR–85–30. (N.T. 7/3/87 at 2–5). Nowhere in the record certified to this Court on appeal is there the slightest indication that the Commonwealth sought to have the trial court apply the timely Rule 1100(c) petition to the remaining charges. It is axiomatic that appellate courts will not consider issues or theories not posited or argued by appellant in the court below. *See Commonwealth v. Johnson*, 355 Pa.Super. 123, 140–41, 512 A.2d 1242, 1251 (1986), *citing Commonwealth v. Hughes*, 480 Pa. 311, 389 A.2d 1081 (1978) *and Commonwealth v. Williams*, 476 Pa. 557, 383 A.2d 503 (1978). Consequently, I would deem the Commonwealth's second contention waived.

### III.

The trial court's opinion concludes:

> It is not the practice of this Court to dismiss criminal charges based on mere technical violations. However,

the Defendant's right to a speedy trial is guaranteed by the Constitution. As such, that right must be protected. In the case at bar, any doubt must be resolved in favor of the Defendant. Since the Defendant was not brought to trial within 120 days of December 27, 1985, the date that he withdrew his guilty pleas, *Defendant's Rule 1100 rights have been violated.*

(Trial Ct. Op. at 2). (Emphasis added). Theoretically, Rule 1100 merely protects a defendant's right to a speedy trial; procedural rules are not intended to create new and separate rights unto themselves. Pa. Const. Art. V, sec. 10; *Commonwealth v. Fowler,* 451 Pa. 505, 510–12 & n. 6, 304 A.2d 124, 127–28 & n. 6 (1973). Nonetheless, in the instant case the rule achieved such results.

Discharge in the instant case was not predicated upon a violation of appellant's speedy trial rights, but upon a violation of Rule 1100. The trial court did not consider whether the length of the delay, the reason for the delay, the occurrence and timing of an assertion of speedy trial rights by the defendant, and the prejudice to the defendant caused by the delay in this case mandated discharge. *Cf. Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The trial court did not require appellee to establish a constitutional violation based upon a presumption arising from the expiration of the Rule 1100 period, nor was the Commonwealth permitted to establish the absence of a constitutional violation. Rather, the trial court held that discharge was required in the instant case because the Commonwealth by error, neglect, confusion, or a combination thereof failed to file a timely motion pursuant to Pa.R.Crim.P. 1100(c) as to those charges.

In *Commonwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979) (per Nix, then J.; Roberts and Manderino, JJ., join; Egan, C.J., and Larsen, J., dissent), our Supreme Court stated:

> ... a request for an extension under section (c) must be made prior to the expiration of the prescribed period under the Rule. Thus, *even if this record might have met the requirements for the grant of such an exten-*

*sion,* the avenue is not here available to the Commonwealth since it failed to attempt this course prior to [the expiration of the period for commencement of trial].

398 A.2d at 976 (emphasis added); *see also Commonwealth v. Bomboy,* 357 Pa.Super. 265, 515 A.2d 969 (1986). Thus, under the clear directive of *Commonwealth v. Morgan, supra,* the trial court was required to discharge appellee based upon the Commonwealth's error, despite the apparent absence of a constitutional speedy trial violation (as indicated by the fact that a timely Rule 1100(c) motion for an extension of time was granted as to the charges docketed at CR–85–30 which had previously been treated together with the instant charges as a unit at the original guilty plea, for the pre-sentence report, and for the plea withdrawal).

Though I would agree that *Morgan* mandated discharge in this case, I would strenuously urge reconsideration of *Morgan* by our Supreme Court. The *Morgan* decision in 1979 represents the high water mark for our Supreme Court's reliance upon technical enforcement of the Rule 1100 bright-line approach. The shift away from technical enforcement which has occurred since 1979 was explained by our Supreme Court in *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983), as follows:

Rule 1100 was designed to promote the administration of criminal justice within the context of our entire judicial system, not to render that system hostage to its own closed logic. The goals of efficiency and ease of administration which Rule 1100 serves are worthy; they should not be exalted at the expense of justice. Thus, in interpreting our Rule 1100, we must throw away the stopwatch and pick up the scales of justice.

466 A.2d at 1014. *See also Commonwealth v. Wells,* 513 Pa. 463, 521 A.2d 1388 (1987); *Commonwealth v. Knupp,* 512 Pa. 614, 518 A.2d 252 (1986); *Commonwealth v. Koonce,* 511 Pa. 452, 515 A.2d 543 (1986); *Commonwealth v. Terfinko,* 504 Pa. 385, 474 A.2d 275 (1984); *Commonwealth v. Johnson,* 487 Pa. 197, 409 A.2d 308 (1980). Finally, on December 31, 1987, Pa.R.Crim.P. 1100 was substantially amended, specifically deleting the procedure whereby

the Commonwealth was required to file a timely petition for an extension. Pa.R.Crim.P. 1100 (as amended December 31, 1987, effective immediately).[3] The new rule eliminates the risk of discharge as the result of untimely or defective extension petitions in future cases; those amendments came too late, however, to affect this case.

I would submit that the rule in *Morgan* leads to an inappropriate result in this case, a result which is directly at odds with the reasoning expressed in the more recent Rule 1100 cases cited above. If this Court were free to reject *Morgan*, I would not hesitate to join the majority in reversing appellee's discharge. Nonetheless, I am unwilling to ignore the Commonwealth's waiver of defects in the plea withdrawal, and am unable to escape the clear mandate of *Commonwealth v. Morgan, supra.* Thus, I reluctantly dissent.

BECK. J., joins Parts I & II.

3. Under the new rule, when an accused is incarcerated, he must be brought to trial within 180 days; upon expiration of the 180 day run-date, the accused is entitled to immediate release on nominal bail. An accused who is released on bail must be tried within 365 days; upon expiration of the 365 day run-date the accused may petition for discharge with prejudice. The automatic exclusions from the running of the time limits formerly included in Pa.R.Crim.P. 1100(d) have been retained *verbatim* in new Pa.R.Crim.P. 1100(c).