J-S16012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROGER E. VALDEZ | |
| Appellant | No. 1339 MDA 2014 |

Appeal from the Judgment of Sentence July 30, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001053-2013

BEFORE: PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 01, 2015**

Appellant, Roger E. Valdez, appeals from the judgment of sentence following his conviction of rape of a child and related charges, entered on July 30, 2014, in the Court of Common Pleas of Lebanon County. No relief is due.

We write primarily for the parties' benefit and recite only the facts and procedural history essential to our disposition. Valdez was charged with one count of rape of a child, three counts of involuntary deviate sexual intercourse with a child, one count of unlawful contact with a minor, one count of aggravated indecent assault, one count of indecent assault, and one

count of corruption of minors.[1]  The charges stem from an incident in which Valdez, who at the time of the offenses was 37 years old, posed as a 17-year-old in an online chat forum and lured a 12-year-old victim into engaging in sexual intercourse.  The matter was scheduled for trial on March 4 and 5, 2014.  Immediately prior to trial, on March 3, 2014, Valdez entered an open guilty plea to all charges.  Valdez then filled out and signed a written guilty plea colloquy, after which the trial court engaged in a lengthy oral colloquy.  *See* N.T., Guilty Plea Hearing, 3/3/15.

Prior to sentencing, Valdez filed a Motion to Withdraw Guilty Plea,[2] which the trial court denied.  At sentencing on July 30, 2014, Valdez again reiterated his request to withdraw his plea.  Valdez did not assert his innocence, but rather repeatedly maintained that the 12-year-old-victim "went after me and preyed on me," and that "what *she* has done is wrong … and that the fact [is] that she has been doing this to several other men…."  N.T., Sentencing, 7/30/14 at 24 (emphasis added).  The trial court denied Valdez's request and sentenced him to an aggregate term of 10 to 30 years' incarceration.  This timely appeal followed.

---

[1] 18 Pa.C.S.A. § 3121(c); 18 Pa.C.S.A. § 3123(b); 18 Pa.C.S.A. § 6318(a)(1); 18 Pa.C.S.A. § 3125(a)(7); 18 Pa.C.S.A. § 3126(a)(7); and 18 Pa.C.S.A. § 6301(a)(1)(i).

[2] Valdez did not state in his motion a specific reason to support his request to withdraw his plea.

On appeal, Valdez claims that the lower court abused its discretion by denying his presentence motion to withdraw his guilty plea. He maintains that the court insufficiently established the nature of the offenses charged and the factual basis to establish such charges during the guilty plea colloquy in violation of Pennsylvania Rule of Criminal Procedure 590.[3] *See* Appellant's Brief at 11.

> The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled. "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any 'fair and just' reasons for withdrawing his plea absent 'substantial prejudice' to the Commonwealth." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa. Super.2011) (quoting *Commonwealth v. Prysock*, 972 A.2d 539, 541 (Pa. Super.2009); citing *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303, 1308 (1984)). In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence. Pa.R.Crim.P. 591(A). "Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing ... should be liberally allowed." *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268, 271 (1973). The policy underlying this liberal

---

[3] The Commonwealth maintains that Valdez has not preserved this issue for our review. In his Rule 1925(b) Concise Statement of Errors Complained of on Appeal, Valdez alleged only that his "plea was not knowingly, intelligently, and voluntarily entered." Statement of Errors Complained of on Appeal, 8/27/14. The Commonwealth argues that this general statement did not adequately preserve the more specific issue now raised on appeal, that the trial court insufficiently established the factual predicate for the offenses charged. However, as we find that this issue does implicate the voluntariness of Valdez's guilty plea, we decline to find this claim to be waived.

exercise of discretion is well-established: "The trial courts in exercising their discretion must recognize that 'before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution.' " *Commonwealth v. Santos*, 450 Pa. 492, 301 A.2d 829, 830 (1973) (quoting *Commonwealth v. Neely*, 449 Pa. 3, 295 A.2d 75, 76 (1972)). In *Forbes*, our Supreme Court instructed that, "in determining whether to grant a presentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.' " *Forbes*, 299 A.2d at 271 (quoting *United States v. Stayton*, 408 F.2d 559, 561 (3d Cir.1969)).

*Commonwealth v. Elia*, 83 A.2d 254, 261-262 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014).

"It is well-settled that an assertion of innocence may constitute a fair and just reason for the pre-sentence withdrawal of a guilty plea." *Id*. at 263 (citations omitted). Herein, as previously noted, Valdez did not assert his innocence at the plea withdrawal hearing. To the contrary, Valdez instead repeatedly placed the blame for his crimes on the 12-year-old victim. He now argues that his plea was involuntary because "the [c]ourt failed to properly explain the nature of the charges…." Appellant's Brief at 11.

In assessing the voluntariness of a plea, we note that "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation and internal quotation marks omitted).

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. … Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea.

[I]n order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001) (citation omitted). This examination may be conducted by defense counsel or the attorney for the Commonwealth, as permitted by the judge. ***See*** Pa.R.Crim.P. 590, *Comment*.

The record belies Valdez's assertion that the trial court failed to explain the nature of the charges or establish the factual basis for the plea. At the

outset of the guilty plea hearing, the trial court explained the charges to which Valdez was pleading guilty as follows.

> On or about April 23 through April 28, 2013, at 500 East Main Street in the Borough of Palmyra, Lebanon County, Count I, Rape of a Child, in that you did engage in sexual intercourse with the victim … when the child was less than 13 years of age; Count II, Involuntary Deviate Sexual Intercourse, in that you did engage in anal intercourse with this young lady; Count III, Involuntary Deviate Sexual Intercourse of the Child, in that you did perform oral intercourse on [the victim]; Count IV, Involuntary Sexual Intercourse with a Child, in that you did cause [the victim] to perform oral sexual intercourse upon you; Count V, Unlawful Contact or Communication with a Minor, in that you did communicate with [the victim] for the purpose of engaging in sexual relations with [the victim], or did engage in sexual intercourse with [the victim]; Count VI, Aggravated Indecent Assault, in that you did digitally penetrate the vagina of [the victim]; Count VII, Indecent Assault, in that you did touch [the victim's] vagina, buttocks, breast and/or kissed her; and Count VIII, Corruption of a Minor, in that you, being 20 years of age or older, did engage in sexual contact with – and her being less than 18 years of age, rather, and you being I believe you said 26 [sic] at the time these matters occurred, did engage in sexual contact and/or communication with [the victim].

N.T., Plea Hearing, 3/3/14 at 3-4. When the trial court later specifically asked whether Valdez had vaginal sexual intercourse with the victim, he admitted, "[y]es, sir." *Id*. at 6-7. Valdez additionally acknowledged that he "accept[ed] all of those charges, sir." *Id*. at 7.

Considering the trial court's detailed explanation of the factual surrounding the charges, as well as Valdez's own admission and acceptance of the charges as stated, we are more than satisfied that Valdez was adequately apprised of the nature of the charges and the factual basis for the plea. Our decision is further reinforced by the fact that in response to

question 11 on the written guilty plea colloquy form, which asked "Do you admit to committing the crime or crimes to which you are pleading guilty and did your criminal conduct fit the legal elements explained to you which make up the crime or crimes," Valdez answered in the affirmative. "Appellant is bound by these statements, which he made in open court while under oath, and he may not now asserts grounds for withdrawing the plea which contradict the statements." ***Commonwealth v. Willis***, 68 A.3d 997, 1009 (Pa. Super. 2013) (citing ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa. Super. 2007)).

In light of the foregoing, we find no evidence to suggest that Valdez's plea was involuntarily entered. It therefore follows that Valdez has failed to establish a "fair and just reason" for the presentence withdrawal of his plea. Accordingly, we find no basis to conclude that the trial court abused its discretion in denying Valdez's motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2015

- 7 -